UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNIE MCCULLUMN, NANCY RAMEY
and TAMI ROMERO, on behalf of themselves
and all others similarly situated,

                    Plaintiffs,

       vs.

VANCOUVER HOUSING AUTHORITY,

                Defendant.

No.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES

CLASS ACTION

## I.      PRELIMINARY STATEMENT

1.0    Plaintiffs Annie McCullumn, Nancy Ramey and Tami Romero are low income tenants who reside or formerly resided in federally subsidized, public housing in Clark County, Washington, owned and managed by the Vancouver Housing Authority ("VHA").

1.1    As required by federal law, Plaintiffs entered into written leases with VHA that set forth the rental amount, what utilities are supplied by the landlord, and what utilities are paid by the tenants.

1.2    Like most public housing tenants, Plaintiffs pay or paid income-based rents to VHA based in part on the utilities they are or were required to pay.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 1

1.3     By federal law, public housing tenants who pay income-based rents cannot, in most circumstances, be required to pay more for their housing than the higher of (1) thirty percent (30%) of the family's monthly adjusted income or (2) a minimum rent established by the public housing agency. 42 U.S.C. § 1437a.  The United States Department of Housing and Urban Development ("HUD") has interpreted "rent" as used in 42 U.S.C. §1437a to include the reasonable cost of utilities.  As a result, where, as here, Plaintiffs and the two proposed classes they seek to represent are or were responsible for paying for utilities not included in their rent, HUD regulations require that VHA establish, regularly adjust, and deduct from the family's total tenant payment, as defined in 24 C.F.R. §5.628 (which is generally thirty percent of the family's monthly adjusted income), a "utility allowance" when determining the family's rent.  *See* 24 C.F.R. § 960.253(c)(3); 24 C.F.R. § 965, Subpart E – Resident Allowances for Utilities.

1.4     This utility allowance is an estimate made by the public housing agency of the monthly cost of utilities and other services for the unit that an energy-conservative household of modest circumstances would consume, consistent with the requirements of a safe, sanitary, and healthful living environment. 24 C.F.R. §965.505(a).

1.5     HUD regulations require that the public housing agency annually review its utility allowances and make appropriate adjustments.  24 C.F.R. § 965.507(a).  HUD regulations also require that a public housing agency make interim adjustments to its utility allowances between annual reviews when there is a utility rate change of 10 percent or more from the rates used when the utility allowance was last revised.  24 C.F.R. § 965.507(b).

1.6     Plaintiffs bring this class action against VHA because defendant failed to properly establish and adjust its public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E, including 24 C.F.R. § 965.507.  As a result of this failure, Plaintiffs and the two proposed classes they

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 2

1    seek to represent paid or may pay more rent than permitted by 42 U.S.C. § 1437a. Plaintiffs seek class-

2    wide declaratory and injunctive relief, damages in the amount of the excess rents they paid, prejudgment

3    interest, court costs and reasonable attorneys' fees.

## II.     JURISDICTION AND VENUE

5        2.0      Plaintiffs bring this action under 42 U.S.C. § 1983 against VHA, which acted under color

6    of state law to deprive plaintiffs, and the two classes they seek to represent, of rights secured by the U.S.

7    Constitution, federal statute and implementing regulations.

8        2.1      Plaintiffs also bring state law, breach of contract claims under the public housing leases

9    between the Plaintiffs, the Damages Class they seek to represent, and VHA.

10        2.2       This Court has jurisdiction over defendant under 28 U.S.C. § 1331 as this is a civil

11    action arising under the laws of the United States.  This Court also has jurisdiction under 28 U.S.C. §§

12    1337, 1343.

13        2.3      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

14    § 1367.

15        2.4      Venue is proper in the United States District Court for the Western District of

16    Washington because the defendant, VHA, is an entity located and doing business within this judicial

17    district, all or most of the events relevant to the claims and causes of action herein alleged occurred

18    within this judicial district, and the defendant may be found within this judicial district.

## III.     PARTIES

20        3.0      Plaintiff Annie McCullumn formerly resided in an apartment located at 11307 N.E. 49th

21    St., Apartment C, Vancouver, Washington, which at the time she resided there was part of a public

22    housing project owned and operated by VHA.

24    COMPLAINT FOR DECLARATORY AND
      INJUNCTIVE RELIEF AND DAMAGES  - 3

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

3.1     Plaintiff Nancy Ramey resides in an apartment located at 617 Council Bluffs Way, Vancouver Washington, which is part of a public housing project owned and operated by VHA.

3.2     Plaintiff Tami Romero resides at 310 Council Bluffs Way, Vancouver Washington, which is part of a public housing project owned and operated by VHA.

3.3     Defendant Vancouver Housing Authority is a public body corporate and politic organized under the laws of the State of Washington, including Chapter 35.82 RCW, for the purpose of providing safe and sanitary dwelling accommodations to persons of low income in Clark County, Washington.  All acts alleged to be done by defendant VHA were done under color of state law.

## IV.     STATUTORY AND REGULATORY BACKGROUND

4.0     Public housing agencies, like VHA, enter into an Annual Contributions Contract (ACC) with HUD.  Under the ACC, HUD makes annual monetary contributions to VHA to subsidize the cost of operating and managing its public housing projects.  *See*, 42 U.S.C. §§ 1437c and g.

4.1     In consideration for receiving financial assistance from HUD, VHA agreed in the ACC to comply with all HUD requirements for the development and operation of public housing.  *See* 24 C.F.R. § 964.7 (defining "annual contributions contract").

4.2     Since entering into the ACC, VHA was selected to participate in the HUD Moving to Work Demonstration Program.  As an agency participating in this demonstration program, VHA has entered into a Moving to Work (MTW) Agreement with HUD.  Through this agreement, HUD has waived various provisions of the Housing Act and its implementing regulations.  However, VHA has not sought a waiver of, and HUD has not waived, any provisions of the Housing Act, HUD regulations, or its ACC governing its public housing utility allowances or which would permit VHA to collect an

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

income-based or minimum rent from public housing tenants without deducting the appropriate utility allowance from the family's total tenant payment.

4.3     The Brooke Amendment of the United States Housing Act, 42 U.S.C. § 1437a(a), requires that VHA give its public housing tenants a choice between paying a flat or an income-based rent.  When a public housing tenant is responsible for paying for all or some of the utilities and chooses to pay an income-based rent, a public housing agency determines the family's rent by subtracting a utility allowance from 30% of the family's monthly adjusted income or total tenant payment, except where this would result in less than any required minimum rent.  24 C.F.R. § 960.253.

4.4     As long as the public housing agency correctly establishes and adjusts its utility allowances, most public housing tenants should never pay more than 30% of monthly adjusted income or any required minimum rent towards their housing or shelter costs, including tenant-paid utilities.

4.5     HUD has promulgated regulations governing public housing utility allowances that are set forth in 24 C.F.R. Part 965, Subpart E, and are binding on VHA.

4.6     To determine an appropriate utility allowance, VHA must take into account two primary factors:  1) the amount of utilities that an energy conservative household of modest circumstances will consume; and 2) the cost of such consumption, taking into account local utility rates and taxes.  *See* 24 C.F.R. Part 965, Subpart E.

4.7     HUD regulations require that VHA annually review its public housing utility allowances and make adjustments to reflect changes in the factors upon which its current utility allowance schedule is based.  24 C.F.R. § 965.507(a).

4.8     HUD regulations also require that a public housing agency make an interim adjustment to its utility allowances between annual reviews when there is a utility rate change, which by itself or

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 5

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

together with prior rate changes not adjusted for, results in a change of 10% or more from the rates used when the utility allowance was last revised.  24 C.F.R. § 965.507(b).

4.9    HUD regulations require that public housing agencies maintain a record that documents how its utility allowances are established and revised.  These records must be available for inspection by tenants residing in the agency's public housing units.  24 C.F.R. § 965.502(b).

4.10    HUD regulations also require that a public housing agency give notice to its tenants of any proposed allowances or revisions, except where the agency is making an interim adjustment solely because of a 10% or more increase in applicable utility rates.  This notice must be given not less than 60 days before the proposed effective date of the allowance or revision.  The notice must describe with particularity the basis for determining the allowance or revision, including a statement of the specific items of equipment and function whose utility consumption requirements were included in determining the amounts of the allowances.  The notice must notify tenants of the place where the public housing agency's records pertaining to the establishment or revision of the allowances are available for inspection, and shall provide all tenants an opportunity to submit written comments.  The public housing agency must retain all written comments and make them available for inspection by its tenants.  *See* 24 C.F.R. § 965.502(c); 24 C.F.R. § 965.507(b).

## V.    FACTUAL ALLEGATIONS

### A.  Common Facts Regarding the Plaintiffs and Two Proposed Classes

5.0    Prior to April 30, 2014 VHA had approximately 475 public housing units.

5.1    Before renting a unit, VHA is required to execute  a dwelling lease with each household renting one of its public housing units.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 6

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

5.2     As a participant in the HUD Moving to Work Demonstration Program, VHA has eliminated flat rents.  As a result, its public housing tenants pay income-based rents or a $50.00 minimum rent, whichever is higher.  For low-income families paying income-based rents, VHA calculates their rent by subtracting a monthly utility allowance—purportedly taking into account the cost of utilities that an energy conservative household residing in the particular public housing unit would use—from the family's total tenant payment as defined in 24 C.F.R. § 5.628, which generally results in rent equaling 30% of their monthly adjusted income.

5.3     In 1996, VHA established public housing utility allowances for all of its public housing projects based on average monthly electric, gas, and water consumption data from 1993, 1994, and 1995.  These allowances were not established in accordance with the requirements of 24 C.F.R. Part 966, Subpart E.  The allowances were based on average monthly consumption, rather than an estimate of reasonable consumption by an energy-conservative household of modest circumstances consistent with the requirements of a safe, sanitary, and healthful living environment.  Because of this, the allowances were too low.  As a result, a significant number of VHA's public housing tenants, including those who were energy conservative, paid more rent than allowed by 42 U.S.C. § 1437a.

5.4     VHA did not review or adjust these public housing utility allowances for almost five years.

5.5     On or about June 1, 2001, VHA revised its public housing utility allowances, taking into account the increases in utility rates that had occurred in the last five years, but continued to base the allowances on average monthly, electric, gas, and water consumption data from 1993, 1994, and 1995.  These allowances were not established in accordance with the requirements of 24 C.F.R. Part 966, Subpart E.  The allowances were based on average monthly consumption, rather than an estimate of reasonable consumption by an energy-conservative household of modest circumstances consistent with

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 7

the requirements of a safe, sanitary, and healthful living environment.  Because of this, the allowances were too low.  As a result, a significant number of VHA's public housing tenants, including those who were energy conservative, paid more rent than allowed by 42 U.S.C. 1437a.

5.6     VHA did not annually review or adjust its public housing utility allowances between June 1, 2001 and June 1, 2007.  During this time, electric, gas, water, sewer, and garbage rates increased, in some instances by more than 10% since the utility allowances had last been adjusted.

5.7     As a result of VHA's failure to annually review and adjust its public housing utility allowances as required by 24 C.F.R. 965, Subpart E, these allowances were not a reasonable estimate of what an energy-conservative household of modest circumstances would need, consistent with the requirements of a safe, sanitary, and healthful living environment.  Because of VHA's failure to annually review and adjust its public housing utility allowances as required by federal law, Plaintiffs and class members paid more rent than permitted by 42 U.S.C. §1437a.

5.8     In 2007, VHA finally took steps to adjust its public housing utility allowances to take into account the utility rates in effect at that time.  At the same time it factored in the current utility rates, however, VHA lowered the electric, gas, and water consumption allowances that it had previously used. VHA took this action without notifying the tenants of the proposed changes to these allowances as required by 24 C.F.R. §965.502(c).  In establishing these utility allowances, VHA failed to comply with the requirements of 24 C.F.R. Part 965, Subpart E, including 24 C.F.R. §965.505.  Despite this, these utility allowances took effect June 1, 2007.

5.9     Notably, VHA failed to maintain a record available for inspection by its tenants that documents the basis on which these allowances were established as required by 24 C.F.R. §965.502(b). When Plaintiffs asked VHA prior to the filing of this lawsuit to provide documentation as to how these underlying electric, gas, and water consumption allowances were determined, it claimed no

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 8

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

documentation existed and that it could not explain how these revised consumption allowances were determined.

5.10    VHA recalculated Plaintiffs' and class members' rent taking into account the utility allowance adjustment which took effect June 1, 2007.  As these allowances were not a reasonable estimate of what an energy-conservative household of modest circumstances would need, consistent with the requirements of a safe, sanitary, and healthful living environment, Plaintiffs and class members continued to pay more rent than permitted by 42 U.S.C. §1437a.

5.11    VHA did not annually review or adjust its public housing utility allowances between June 1, 2007 and April 2009.  During this time, electric, gas, water, sewer, and garbage rates increased, in some instances by more than 10% since the utility allowances had last been adjusted. As a result, Plaintiffs and class members continued to pay more rent than permitted by 42 U.S.C. §1437a.

5.12    In April 2009, Columbia Legal Services (CLS) sent a request for public records to a number of public housing agencies in the State of Washington, including VHA, to ascertain the adequacy of their public housing utility allowances.  As a result of this request, CLS discovered that VHA had not annually reviewed or adjusted its public housing utility allowances as required by federal law.

5.13    In December 2009, CLS sent letters to tenants residing in VHA's public housing advising them that based on its preliminary investigation it appeared that VHA had not adjusted its public housing utility allowances to keep up with utility rate increases and that if true, they may be paying or paid too much rent.

5.14    VHA learned of this letter and in response undertook a partial review of its public housing utility allowances.  As a result of this review, VHA sent out two rounds of rent refund checks to

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 9

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

some of its tenants who it determined had paid too much rent because their utility allowances had not been adjusted to take into account electric and gas utility rate increases.

5.15     On or about January 14, 2010, VHA sent rent refund checks to some 46 tenants for the period from July 1, 2007 through June 30, 2008 totaling $6,911.00.

5.16     Sometime thereafter, VHA sent rent refund checks to some 60 tenants for the period from July 1, 2008 through January 31, 2010 totaling $39,000.00.

5.17     On or about February 1, 2011, VHA also implemented new public housing utility allowances.  In doing so, VHA failed to provide its tenants with notice and an opportunity to comment as required by 24 C.F.R. §966.502(c).  These utility allowances were not established nor revised in accordance with 24 C.F.R. Part 965, Subpart E.  As a result, Plaintiffs and class members residing in the defendant's public housing continued to pay more rent than permitted by 42 U.S.C. §1437a.

5.18     On April 12, 2010, Columbia Legal Services sent a letter to the VHA informing them that their public housing utility allowances were not established nor adjusted in accordance with federal law, including 24 C.F.R. Part 965, Subpart E, and that as a result, families residing in its public housing had paid more rent than allowed by 42 U.S.C. §1437a.  This letter informed the defendant that CLS planned to file a class action lawsuit seeking declaratory and injunctive relief, a refund of any rent paid in excess of that allowed by federal law, prejudgment interest, court costs, and reasonable attorneys' fees unless the agency:  (1) agreed to discuss the merits and possible resolution of these claims;  (2) adequately responded to Columbia Legal Services' request for public records and made a commitment to share the information needed to investigate its clients' claims and resolve them;  and (3) executed an agreement tolling any applicable statute of limitations while these discussions were underway.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 10

5.19    On April 23, 2010, Roy Johnson, the Executive Director for VHA, signed an agreed upon tolling agreement with Columbia Legal Services and two of its clients and subsequently entered into discussions concerning the adequacy of VHA's public housing utility allowances.

5.20    During subsequent discussions, VHA informed Columbia Legal Services that it would retain a consultant to determine the adequacy of its public housing utility allowances going back to April 1, 2004.  The defendant agreed to share its consultant's report and recommendations, including any actual utility consumption data collected so that Columbia Legal Services could determine whether the recommended allowances were a reasonable estimate of utility consumption by an energy-conservative household, and were established in accordance with federal law, including 24 C.F.R. Part 965, Subpart E, the HUD Utility Allowance Guidebook, Chapter 14 of the Public Housing Guidebook, and other available HUD notices, circulars, or guidance.

5.21    In late January 2011, the defendant gave Columbia Legal Services a copy of its consultant's written report and recommendations, including the actual utility consumption data that had been collected.

5.22    Following the receipt of the consultant's report and recommendation, Columbia Legal Services conferred with the defendant and its consultant by phone.  Columbia Legal Services asked for additional information, including (a) documentation of the utility rates used by the consultant, (b) data and calculations in a format that could be easily analyzed and compared to previous utility allowance consumption and cost data provided by the agency, and (c) other information it needed to determine whether the recommended utility allowances had been established in accordance with federal law.

5.23    On or about February 28, 2011, the defendant sent a letter to its current public housing tenants stating that it had retained a consultant to review the adequacy of its utility allowances and that

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 11

1  based on the recommendations of this consultant it would be implementing revised public housing utility

2  allowances effective May 1, 2011.

3      5.24    The defendant's notice did not provide Plaintiffs, and class members currently residing in

4  VHA's public housing, with the information required by 24 C.F.R. §965.502(c) so that they could

5  determine whether or not to comment on the adequacy of the allowances.

6      5.25    Sometime thereafter, defendant unilaterally decided to make additional rent refunds to

7  both current and former tenants who it had determined had paid excess rents going back to April 1,

8  2004.  This refund was based upon the inadequacy of former utility allowances and took into account the

9  refunds it had made previously.  In calculating these refunds, VHA accounted for utility rate increases

10  but retroactively lowered its previous estimate of reasonable consumption by an energy-conservative

11  household of modest circumstances consistent with the requirements of a safe, sanitary, and healthful

12  living environment, without complying with the notice and comment requirements of HUD regulations,

13  including 24 C.F.R. §965.502(c).  As a result, many tenants received refunds that were too low or no

14  refunds at all.  These refunds failed to compensate them for the excess rent they had actually paid.

15      5.26    On or about March 31, 2011, the defendant sent rent refund checks to approximately 315

16  current tenants totaling approximately $215,603.97, together with an accompanying letter.  These checks

17  or the accompanying letter stated "[i]f you cash or deposit this check, you are agreeing that the amount

18  of the check is the total amount owed to you based on any correction to the utility allowance used in the

19  past for determining your rent and that you consider the issue of past utility allowances to be closed."

20      5.27    The defendant's March 31, 2011 letter did not inform the Plaintiffs and class members

21  that (a) under its written policies it was required to reimburse them for any excess rent they paid as a

22  result of its failure to establish or adjust its public housing utility allowances in accordance with HUD

23  regulations, (b) the tenants could ask for an explanation as to how VHA had determined the tenant's rent

24

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 12

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

refund, and (c) if the tenants did not agree with the determination they had the right to request a hearing under its grievance procedure.

5.28    On or about March 30, 2011, the defendant also sent letters to approximately 215 former tenants who they believed were owed approximately $69,321.42 based on corrections of their utility allowances, stating that it had recently reviewed their utility allowances and had determined that they may be owed a small refund.

5.29    On March 31, 2011, defendant met with Columbia Legal Services to discuss this matter and informed them for the first time of the actions it had taken to make rent refunds to those current and former tenants who they believed were owed rent refunds based on the report and recommendation of its consultant.  During this meeting, the defendant gave Columbia Legal Services the checks and accompanying letters for two of their clients, including Plaintiff Annie McCullumn.

5.30    Following this meeting, defendant, through its counsel, informed Columbia Legal Services that should any former tenants respond to its letter about rent refunds, it would send them a rent refund check, together with an accompanying letter similar, if not identical, to the March 2011 letters.

5.31    On or about April 15, 2011, VHA notified Plaintiffs and those class members currently residing in its public housing that it was adjusting their rents effective May 1, 2011 based on a change to their utility allowance.  These utility allowances were not established nor revised in accordance with 24 C.F.R. Part 965, Subpart E.  As a result, Plaintiffs and class members residing in the defendant's public housing continued to pay more rent than permitted by 42 U.S.C. §1437a.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 13

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

**1. Plaintiff Annie McCullumn**

5.32    Plaintiff Annie McCullumn  resided in a two bedroom apartment located at 11307 N.E. 49th St., Apartment C, Vancouver Washington, which was a public housing unit owned and managed by VHA.

5.33    When Ms. McCullumn moved into this unit in October 2007, she signed a Low Rent Resident Lease with VHA.  As provided for in her dwelling lease, Ms. McCullumn was responsible for paying for electricity, gas, and garbage while living in this dwelling unit.  VHA supplied water and sewer service.

5.34    Prior to moving to her current residence, Ms. McCullumn resided at another public housing unit owned by VHA located at 1414 N.E. 142nd Ave, Vancouver, Washington, where she was responsible for electricity, gas, water, sewer and garbage service.

5.35    In calculating Ms. McCullumn's rent, VHA subtracted a monthly utility allowance— purportedly taking into account the cost of tenant-paid utilities that an energy conservative household residing in her unit would use — from 30% of Ms. McCullumn's monthly adjusted income as provided for by HUD regulations.

5.36    Since at least April 1, 2004, the utility allowances that VHA used in calculating Ms. McCullumn's rent have not been established or revised as required by federal law.  As a result, these utility allowances fell well below what it would cost an energy-conservative household of modest circumstances occupying Ms. McCullumn's dwelling unit, given the requirements of a safe, sanitary and healthful living environment. As a result, Ms. McCullumn paid more rent than allowed by federal law and her public housing lease.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 14

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

5.37   Plaintiff Annie McCullumn refused to cash or deposit the defendant's March 30, 2011 rent refund check and instructed Columbia Legal Services to continue to pursue her and other class members' claims.  Plaintiff, through her counsel, informed VHA of her decision.

5.38   As of the filing of this lawsuit, Plaintiff Annie McCullumn has not been fully compensated for the excess rents she paid VHA because it failed to establish and adjust its public housing utility allowances in accordance with federal law and her dwelling lease.

**2. Plaintiff Nancy Ramey**

5.39   Plaintiff Nancy Ramey currently resides in a two bedroom apartment located at 617 Council Bluffs Way, Vancouver, Washington, which is a public housing unit owned and managed by VHA.

5.40   When Ms. Ramey moved into this unit, she signed a Low Rent Resident Lease with VHA.  As provided for in her dwelling lease, Ms. Ramey is responsible for paying for electricity while living in this dwelling unit.  VHA supplies water, sewer, and garbage service.

5.41   Prior to moving to her current residence, Plaintiff Nancy Ramey resided in a two bedroom apartment located at 603 Council Bluffs Way, Vancouver, Washington, which also is a public housing unit owned and managed by VHA.

5.42   When Ms. Ramey moved into this unit in October 1982, she signed a Low Rent Resident Lease with VHA.  As provided for in her dwelling lease, Ms. Ramey  was responsible for paying for electricity.  VHA supplied water, sewer and garbage service.

5.43   In calculating Ms. Ramey's rent, VHA subtracted a monthly utility allowance— purportedly taking into account the cost of tenant paid utilities that an energy conservative household

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 15

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

residing in her unit would use—from 30% of Ms. Ramey's monthly adjusted income as provided for by HUD regulations.

5.44    Since at least April 1, 2004, the utility allowances that VHA used in calculating Ms. Ramey's rent had not been established or revised as required by federal law.  As a result, these utility allowances fell well below what it would cost an energy-conservative household of modest circumstances occupying Ms. Ramey's dwelling unit, given the requirements of a safe, sanitary and healthful living environment.  As a result, Ms. Ramey paid more rent than allowed by federal law and her public housing lease.

5.45    Vancouver Housing Authority sent a rent refund check to Ms. Ramey in March 2011.

5.46    Ms. Ramey was not represented by Columbia Legal Service or other counsel when she received defendant's March 30, 2011 check and accompanying letter.  Based on the information provided by Vancouver Housing Authority she cashed the check.  At the time, she cashed this check, Ms. Ramey was not disputing the adequacy of her utility allowance. As of the filing of this lawsuit, Plaintiff Nancy Ramey has not been fully compensated for the excess rents she paid VHA because it failed to establish and adjust its public housing utility allowances in accordance with federal law and her dwelling lease.

**3. Plaintiff Tami Romero**

5.47    Plaintiff Tami Romero currently resides in a three bedroom unit located at 310 Council Bluffs Way, Vancouver, Washington, which is a public housing unit owned and managed by VHA.  She has lived there since approximately September 2012.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 16

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

5.48     When Ms. Romero moved into this unit, she signed a Low Rent Resident Lease with VHA.  As provided for in her dwelling lease, Ms. Romero is responsible for paying for electricity while living in this dwelling unit.  VHA supplies water, sewer, and garbage service.

5.49     Prior to moving into her current residence, Ms. Romero resided in a four bedroom unit located at 220 Omaha Way, Vancouver, Washington, which is a public housing unit owned and managed by VHA.

5.50     When Ms. Romero moved into that unit, she signed a Low Rent Resident Lease with VHA.  As provided for in her dwelling lease, Ms. Romero was responsible for paying for electricity. VHA supplied all other utilities.

5.51     Prior to moving to 220 Omaha Way, Vancouver, Washington, Ms. Romero resided at another public housing unit owned by VHA located at 1118 NW Adams, Vancouver, Washington, where she was responsible for the electricity.

5.52     In calculating Ms. Romero's rent, VHA subtracted a monthly utility allowance—purportedly taking into account the cost of tenant paid utilities that an energy conservative household residing in her unit would use—from 30% of the family's monthly adjusted income as provided for by HUD regulations.

5.53     Since at least April 1, 2004, the utility allowances that VHA used in calculating Ms. Romero's rent have not been established or revised as required by federal law.  As a result, these utility allowances fell well below what it would cost an energy-conservative household of modest circumstances occupying Ms. Romero's dwelling unit, given the requirements of a safe, sanitary and healthful living environment. As a result, Ms. Romero paid more rent than allowed by federal law and her public housing lease.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 17

5.54    Vancouver Housing Authority sent a rent refund check to Ms. Romero in March 2011.

5.55    Plaintiff Tami Romero was not represented by Columbia Legal Service or other counsel when she got defendant's March 30, 2011 check and accompanying letter.  At the time, she cashed this check, Ms. Romero was not disputing the adequacy of her utility allowance. .Based on the information provided by Vancouver Housing Authority she cashed the check.

5.56    As of the filing of this lawsuit, Plaintiff Tami Romero has not been fully compensated for the excess rents she paid VHA because it failed to establish and adjust its public housing utility allowances in accordance with federal law and her dwelling lease.

## VI.    CLASS ACTION ALLEGATIONS

6.0    Plaintiffs seek to maintain this lawsuit as a class action under Fed. R. Civ. P. 23(a).  They ask the Court to certify a declaratory and injunctive relief class under Fed. R. Civ. P.23(b)(2) and a separate damages class under Fed. R. Civ. P. 23(b)(3).

### A.    Declaratory and Injunctive Relief Class

6.1    Plaintiffs Nancy Ramey and Tami Romero seek to represent a declaratory and injunctive relief class under Fed. R. Civ. P. 23(b)(2) defined to include all adult heads of households who: (a) executed a dwelling lease and currently reside in public housing owned and managed by VHA or who will execute a lease and reside in such housing in the future; (b) paid or will pay an income-based or minimum rent; and (c) are or will be responsible for tenant paid utilities.

6.2    This class is so numerous that joinder is impractical.  There are several hundred class members who currently reside in defendant's public housing, and an unknown number of future class members.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 18

6.3     All class members are low-income; more than two-thirds have incomes at or below thirty percent of area median income.  A majority of class members are elderly or disabled.

6.4     There are questions of law or fact common to all members of the class including:

6.4.1   Did VHA establish its public housing utility allowances in accordance with the requirements of 24 C.F.R. Part 965, Subpart E?

6.4.2   Did VHA annually review and adjust its public housing utility allowances as required by 24 C.F.R. § 965.507?

6.4.3   Did VHA revise its public housing utility allowances when electric, gas, or other utility rates changed, whenever such changes, by themselves or together with prior rate changes not adjusted for, resulted in a change of 10 percent or more from the rates on which such allowances were based?

6.4.4   Did VHA collect more rent from Plaintiffs and other class members than allowed by 42 U.S.C. §1437a because it failed to establish, annually review, and adjust its public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E?

6.4.5   Did VHA provide Plaintiffs and other class members with proper notice and an opportunity to comment in violation of due process requirements?

6.4.6   Are Plaintiffs and class members entitled to declaratory relief?

6.4.7   Are Plaintiffs and class members entitled to injunctive relief requiring VHA to properly adjust and calculate its utility allowances?

6.5     Plaintiffs Nancy Ramey's and Tami Romero's claims are typical of the claims of the class.  Plaintiffs Nancy Ramey and Tami Romero are part of the proposed class.  They possess the same interests and have suffered the same or similar injuries as other class members.  Plaintiffs Nancy Ramey

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 19

and Tami Romero have alleged that they, like all class members, have paid excess rent because the

defendant failed to establish or revise their public housing utility allowances as required by federal law.

6.6     Plaintiffs Nancy Ramey and Tami Romero will fairly and adequately represent the

interests of the proposed declaratory and injunctive relief class.  Plaintiffs and their counsel know of no

conflict of interest among class members. Plaintiffs are represented by counsel that are experienced in

representing persons and classes of people in disputes of this nature and who will vigorously prosecute

this action.

6.7     Defendant has acted or refused to act on grounds generally applicable to the proposed

class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a

whole.  Absent declaratory and injunctive relief, there is a real and immediate threat that Plaintiffs and

they class they seek to represent will be injured again.

**B. The Damages Class**

6.8     Plaintiffs Annie McCullumn and Nancy Ramey seek to represent a Damages Class under

Fed. R. Civ. P. 23(b)(3) defined to include all adult heads of households who (a) executed a dwelling

lease for and resided in public housing owned and managed by VHA between April 1, 2004 and May 1,

2011; (b) paid an income-based or minimum rent; and (c) were responsible for tenant paid utilities not

included in their rent.

6.9     This class is so numerous that joinder is impractical.  There are more than 900 class

members who resided in defendant's public housing between April 1, 2004 and May 1, 2011.

6.10    There are questions of law or fact common to the rent refund class.  These include but are

not limited to:

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 20

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

6.10.1  Do Plaintiffs have a right of action under 42 U.S.C. § 1983 to recover any excess rents they paid in violation of 42 U.S.C. § 1437a because VHA failed to establish and revise its public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E?

6.10.2  Did VHA use the same or similar public housing dwelling leases for Plaintiffs and class members?

6.10.3  Does VHA's public housing lease require defendant to calculate class members' rent in accordance with federal law and require that it establish and revise their public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E?

6.10.4  Did VHA breach its lease with Plaintiffs and other class members by failing to establish and revise its public housing utility allowances in accordance with 24 C.F.R. Part 965, Subpart E?

6.10.5  Are class members entitled to a refund of the excess rent they paid because VHA failed to establish and revise its public housing utility allowances in accordance with the provisions of 24 C.F.R. Part 965, Subpart E?

6.10.6  Are Plaintiffs and class members' damages liquidated, such that they should be awarded prejudgment interest at a rate of twelve percent as provided for in Washington law?

6.11    Plaintiffs Annie McCullumn's and Nancy Ramey's claims are typical of the claims of the damages class they seek to represent.  Plaintiffs Annie McCullumn and Nancy Ramey have alleged that they, like all class members, previously entered into the same standard dwelling lease with VHA. Plaintiffs have also alleged that they, like all class members, have paid excess rent because the defendant failed to establish or revise their public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E, thereby violating their rights under federal law and breaching their public housing lease

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 21

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

agreements.  Plaintiffs seek relief that will inure to the benefit of all damages class members.  Any variations in the injuries suffered by the damages class members do not defeat typicality.

6.12    The Plaintiffs Annie McCullumn and Nancy Ramey will fairly and adequately represent the interests of the damages class.  Plaintiffs are represented by counsel that are experienced in representing persons and classes of people in disputes of this nature and who will vigorously prosecute this action.  Plaintiffs and their counsel know of no conflict of interest among damages class members.

6.13    The above questions of law or fact common to rent refund class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in that:

6.13.1    Members of the rent refund class do not have an overriding interest in individually controlling the prosecution of separate actions;

6.13.2    The economic damages suffered by individual rent refund class members are modest compared to the expense and burden of individual litigation, making it impractical for individual class members to seek redress for the alleged violations;

6.13.3    No other litigation concerning this controversy has been commenced by any class member;

6.13.4    Concentration of litigation is desirable so that all claims can be resolved in one forum; and

6.13.5    A class action under Fed. R. Civ. P. 23(b)(3) can be maintained here without undue difficulty.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 22

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

## VII.   STATEMENT OF CLAIMS

### First Claim:  42 U.S.C. §1983

7.0     Plaintiffs re-allege and incorporate herein by reference each and every allegation and paragraph set forth previously.

7.1     VHA, acting under color of state law, has deprived Plaintiffs and class members of rights secured by federal law when it collected more rent than permitted by 42 U.S.C. § 1437a and HUD's implementing regulations, including 24 C.F.R. § 960.253, because it failed to establish and adjust its public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E.

7.2     The defendant's actions deprived Plaintiffs and other class members of rights, privileges, or immunities secured to them by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983.

7.3     As a direct result of defendant's actions or failure to act, Plaintiffs and the Damages Class they seek to represent are entitled to damages in the amount of the excess rent they paid, together with prejudgment interest in an amount to be determined at trial.

### Second Claim:  Fourteenth Amendment, Denial of Due Process and 42 U.S.C. §1983

7.4     Plaintiffs re-allege and incorporate herein by reference each and every allegation and paragraph set forth previously.

7.5     VHA acting under color of state law have deprived Plaintiffs and members of the Damages Class  of property without due process, in violation of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1437(k), and 24 C.F.R. Part 966, by recalculating their rent to account for corrections to their public housing utility allowances and making rent refunds without informing tenants in writing that they had the right to ask for an explanation of VHA's rent

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 23

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

recalculations, and that if the tenants did not agree with these calculations, the tenants had the right to request a hearing under its public housing grievance procedure.

7.6     The defendant's actions have deprived Plaintiffs and other class members of rights, privileges, or immunities secured to them by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983.

### Third Claim: Breach of Public Housing Lease

7.7     Plaintiffs re-allege and incorporate herein by reference each and every allegation and paragraph set forth previously.

7.8     Plaintiffs and each member of the Damages Class have entered into standard written public housing leases with VHA.

7.9     Federal law prescribes certain provisions that must be included in VHA's public housing lease, including a provision stating that the tenant shall pay the amount of monthly rent determined by the defendant in accordance with HUD regulations and other requirements.  24 C.F.R. § 966.4(b). Whether included in the rental agreement or not, this provision must be read into VHA's standard public housing lease.

7.10     Defendant breached Plaintiffs' and class members' public housing leases by collecting from them an income-based or minimum rent in an amount not permitted by 42 U.S.C. § 1437a and HUD's implementing regulations because defendant failed to establish or adjust their utility allowances as required by 24 C.F.R. Part 965, Subpart E.

7.11     As a direct result of defendant's breach, Plaintiffs and the Damages Class they seek to represent have paid more rent than allowed by federal law in breach of their lease agreements and are entitled to damages in the amount of this excess rent.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 24

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

7.12    Plaintiffs and members of the Damages Class have claims for damages that are liquidated.  These damages can be readily calculated based on the terms and provisions of their public housing lease, HUD regulations, VHA's utility consumption estimates, the actual utility rates in effect during the period in question and other information readily available from the defendant.  As a result, Plaintiffs and other class members are entitled to prejudgment interest calculated at twelve percent per annum in accordance with Washington law.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to:

8.0    Assume jurisdiction of this case.

8.1    Certify this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and (b)(3) and define the declaratory and injunctive relief class and damages class as set forth above.

8.2    Declare that Defendant has failed to establish, annually review or adjust its public housing utility allowances in accordance with the requirements of 24 C.F.R. Part 965, Subpart E.

8.3    Declare that Defendant, acting under color of state law, deprived Plaintiffs and class members of rights secured by 42 U.S.C.§ 1437a, and the federal regulations implementing this federal statute, when it determined their income-based rent, because defendant failed to establish and adjust their public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E.

8.4    Declare that defendant breached Plaintiffs' and class members' public housing leases when defendant collected excess rent because they failed to establish and adjust their public housing utility allowances as required by 24 C.F.R. Part 965, Subpart E.

8.5    Declare that the defendant's public housing lease omits provisions required by 24 C.F.R. § 966.4.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 25

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

8.6     Declare that the letters that defendant sent to Plaintiffs and members of the Damages Class when defendant informed them of various rent refunds because of Defendant' failure to establish or revise their public housing utility allowances in accordance with 24 C.F.R. Part 965, Subpart E failed to comport with the requirements of the U.S. Const. amend. XIV, 42 U.S.C. § 1437(k) and (l), and HUD's implementing regulations.

8.7     Preliminarily and permanently enjoin defendant from using public housing leases that fail to provide that:  (1) the tenant shall pay the amount of the monthly tenant rent determined by VHA in accordance with HUD regulations and other requirements; (2) the amount of the tenant rent is subject to change in accordance with HUD requirements; and (3) when VHA determines the total tenant payment or tenant rent payable by the tenant—including any retroactive re-determination based on corrections to its public housing utility allowances—that VHA shall inform the tenant in writing that he or she may ask for an explanation stating the specific grounds of the determination, and that if the tenant does not agree with the determination, the tenant shall have the right to request a hearing under the VHA grievance procedure.

8.8     Preliminarily and permanently enjoin the defendant from collecting income-based rents from Plaintiffs and the declaratory and injunctive relief class unless VHA has within the last twelve months reviewed the adequacy of their public housing utility allowances and made any revisions or adjustments required by 24 C.F.R. Part 965, Subpart E , including 24 C.F.R. § 965.507.

8.9     Order VHA to immediately refund to Plaintiffs and the Damages Class any excess rent they paid on or after April 1, 2004 because the defendant breached their public housing leases by failing to establish or adjust utility allowances as required by 24 C.F.R. Part 965, Subpart E, including 24 C.F.R. § 965.507.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 26

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax

1

8.10     Award plaintiffs and the Damages Class pre-judgment interest on any excess rent they

2

paid because the defendant did not establish or adjust their utility allowances as required by their lease

3

agreements at the rate of twelve percent in accordance with Washington law.

4

8.11     Award Plaintiffs their costs and reasonable attorneys' fees as provided by 42 U.S.C. §

5

1988 and their lease agreements.

6

8.12     Grant Plaintiffs and class members such additional or alternative relief as justice may

7

require.

8

DATED this _____ day of _____, 2015.

9

10

COLUMBIA LEGAL SERVICES

11

___s/ Gregory D. Provenzano_____
Gregory D. Provenzano, WSBA No. 12794

12

Merf Ehman, WSBA No. 29231

13

14

PERKINS COIE LLP

15

___s/ Brendan Peters_____
Brendan Peters, WSBA No. 34490

16

Kaustuv M. Das, WSBA No. 34411

17

18

Attorneys for Plaintiffs

19

20

21

22

23

24

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES  - 27

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 fax