THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNIE McCULLUMN, NANCY RAMEY and TAMI ROMERO, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>VANCOUVER HOUSING AUTHORITY,<br><br>            Defendant. | CLASS ACTION<br><br>No. 3:15-cv-05150-RBL<br><br>PLAINTIFFS' UNOPPOSED MOTION FOR PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES, PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, AND APPROVAL OF NOTICE PLAN<br><br>NOTE ON MOTION CALENDAR:<br>March 26, 2015 |

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
[Case No. 3:15-cv-05150-RBL]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................. 2

    A.   The Statutory Framework Underlying this Action and an Overview of Plaintiffs' Claims ...................................................................................... 2

        1.   Monetary Relief for Damages Class .................................................. 3

        2.   Non-Monetary Relief for Declaratory and Injunctive Relief Class ........... 4

        3.   Attorneys' Fees and Costs ................................................................. 4

    B.   Plaintiffs' Investigations and the Negotiations Leading to the Settlement Agreement ............................................................................................... 4

III. TERMS OF THE SETTLEMENT AGREEMENT ............................................. 7

    A.   The Settlement Classes ........................................................................... 7

    B.   Settlement Benefits ................................................................................. 8

        1.   Damages Class .................................................................................. 8

        2.   Declaratory and Injunctive Relief Class ........................................... 11

    C.   Attorneys' Fees and Expenses ............................................................... 12

    D.   Release of Claims ................................................................................. 12

        1.   Plaintiffs and Damages Class ........................................................... 12

        2.   Declaratory and Injunctive Relief Class ........................................... 12

    E.   Notice of Settlement and Right to Opt Out ............................................ 13

    F.   Opt-Outs .............................................................................................. 14

    G.   Objections ............................................................................................ 14

IV.  ARGUMENT .................................................................................................... 14

    A.   The Proposed Classes Should be Provisionally Certified ...................... 15

        1.   Both Settlement Classes Meet the Four Elements of Rule 23(a) ............ 16

            a.   The size of the two classes and other factors make joinder impracticable ...................................................................... 16

            b.   There are common questions of law and fact. ............................ 17

            c.   Plaintiffs' claims are typical of the claims of the Settlement Classes ................................................................................... 18

            d.   The proposed class representatives and counsel have adequately protected the interests of the class and will continue to do so. ........................................................................................ 18

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - i
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

2.    Each Settlement Class Satisfies Rule 23(b) ............................................. 19

    a.    Certification of the Damages Class is appropriate under Rule 23(b)(3).................................................................................. 19

    b.    Certification of the Declaratory and Injunctive Relief Class is equally appropriate under Rule 23(b)(2)................................... 21

B.    The Proposed Settlement Agreement Should Be Preliminarily Approved.......... 21

    1.    The Standard for Preliminary Approval .................................................. 21

    2.    The Settlement Is Presumptively Fair and Satisfies the Criteria Courts Use in Deciding Whether to Preliminarily Approve a Class Action Settlement................................................................................... 23

    a.    The settlement is the result of protracted, arm's length, informed negotiations. ................................................................ 23

    b.    The settlement is well "within the range of possible approval."...................................................................................... 24

    c.    The settlement has no obvious deficiencies................................ 25

    d.    The proposed incentive payments are reasonable........................ 26

    e.    The attorneys' fees and costs provisions are also reasonable. ...................................................................................... 26

    f.    VHA's participation in negotiating and HUD's approval of the Settlement Agreement weigh heavily in favor of its reasonableness.......................................................................... 28

C.    The Proposed Notice to the Settlement Class Should Be Approved .................. 29

    1.    The Notice Provides Detailed Information Regarding the Terms and Conditions of the Settlement, the Right to Object, and the Right to Opt Out of the Damages Class................................................... 29

    2.    The Proposed Notice Also Meets Due Process Requirements ................ 30

D.    The Fairness Hearing, Deadlines, Procedures and Briefing Schedule................. 31

V.    CONCLUSION.................................................................................................... 32

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - ii
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

# TABLE OF AUTHORITIES

**CASES**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)........................................................................15, 20

*Amone v. Aveiro*,
   226 F.R.D. 677 (D. Hawaii 2005) ..................................................21

*Armstrong v. Davis*,
   275 F.3d 848 (9th Cir. 2001) .........................................................18

*Baby Neal v. Casey*,
   43 F.3d 48 (3rd Cir. 1994) .............................................................17

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) .........................................................17

*Churchill Village, L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ....................................................22, 29

*Custom LED, LLC v. eBay, Inc.*,
   2013 WL 4552789 (N.D. Cal. Aug. 27, 2013) ..............................25

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) .........................................................15

*Fernandez v. Dep't of Soc. & Health Services*,
   232 F.R.D. 642 (E.D. WA 2005) ...................................................15

*Galindo v. Housing Authority of Los Angeles*,
   Case No. CV 12-2449-GW (C.D. Cal. March 5, 2015).................16

*Gen. Tel. Co. of Southwest. v. Falcon*,
   457 U.S. 147 (1982).......................................................................15

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ....................................15, 18, 19, 20

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) .........................................................18

*Hansen v. Ticket Track, Inc.*,
   213 F.R.D. 412 (W.D. Wash. 2003) ..............................................18

*Hughes v. Microsoft Corp.*,
   2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ........................23

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - iii
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F. 3d 935 (9th Cir. 2011) ...........................................................22, 27, 28

*In re Health Corp. Securities Litigation*,
   334 Fed. Appx. 248 (11th Cir. 2009).................................................................10

*In re NASDAQ Market-Makers Antitrust Litig.*,
   176 F.R.D. 99 (S.D.N.Y. 1997) ...................................................................22, 24

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
   176 F.R.D. 158 (E.D. Pa. 1997).......................................................................23

*In re Syncor ERISA Litigation.*,
   516 F.3d 1095 (9th Cir. 2008) .........................................................................21

*In re Vitamins Antitrust Litig.*,
   2001 WL 856292 (D.D.C. July 25, 2001)....................................................22, 25

*Jordan v. County of Los Angeles*,
   669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)...................16

*LaDuke v. Nelson*,
   762 F.2d 1318 (9th Cir. 1985) .........................................................................17

*Marshall v. Holiday Magic, Inc.*,
   550 F.2d 1173 (9th Cir. 1977) .........................................................................31

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
   268 F.R.D. 670 (W.D. Wash. 2010) ................................................................16

*McDowell v. Philadelphia Housing Authority*,
   423 F.3d 233 (3rd Cir. 2005) ........................................................................3, 9

*McDowell v. Philadelphia Housing Authority*,
   Case No. 97-2302, 2013 WL 2291873 (E.D. Penn. May 24, 2013).......................16

*Mendoza Tucson Sch. Dist. No. 1*,
   623 F.2d 1338 (9th Cir. 1980) .........................................................................29

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950)......................................................................................30

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................23

*Nelson v. Greater Gadsen Housing Authority*,
   802 F.2d 405 (11th Cir. 1986) ..........................................................................3

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - iv
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco,*
   688 F.2d 615 (9th Cir. 1982) ...................................................................21, 22

*Pelletz v. Weyerhaeuser Co.,*
   592 F. Supp. 2d 1322 (W.D. Wash. 2009) ...........................................................26

*Pierce v. Novastar Mortgage, Inc.,*
   2007 WL 1847216 (W.D. Wash. June 27, 2007) ...................................................21

*Rancourt v. Concannon,*
   207 F.R.D. 14 (D. Me. 2002) .............................................................................18

*Rodriquez v. W. Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) .....................................................................26, 29

*Shump v. Balka,*
   574 F.2d 1341,1346 (10th Cir. 1978) ...................................................................10

*Smith v. Univ. of Washington,*
   2 F. Supp. 2d 1324 (W.D. Wash. 1998) ...............................................................16

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003) .............................................................................14

*Sylvester v. U.S. Dept. of Housing and Urban Development,*
   Case No. 88-1134, 1988 WL 131588 (E.D. Louisiana Dec. 1, 1988) ....................21

*Tarrer v. Pierce Cnty.,*
   2010 WL 5300801 (W.D. Wash. Dec. 21, 2010) ...................................................17

*Torrisi v. Tucson Elec. Power Co.,*
   8 F.3d 1370 (9th Cir. 1993) ...............................................................................31

*Wal-Mart Stores, Inc. v. Dukes,*
   131 S. Ct. 2541 (2011) ...............................................................................15, 17

*Wright v. City of Roanoke Redevelopment and Housing Authority,*
   479 U.S. 418 (1987).............................................................................................3

*Young v. Polo Retail, LLC,*
   2006 WL 3050861 (N.D. Cal. Oct. 25, 2006)........................................................22

**STATUTES**

42 U.S.C. § 1437a...............................................................................................1, 2, 3, 5

42 U.S.C. § 1983.........................................................................................................3

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - v
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

42 U.S.C. § 1988 .................................................................................................4

42 U.S.C. § 3532 ...............................................................................................28

RCW 4.56.110(4) ................................................................................................4

RCW 19.52.020 ..................................................................................................4

RCW 35.82.070 .................................................................................................28

RCW 63.29 ........................................................................................................11

**REGULATIONS**

24 C.F.R. § 960.253(c)(3) ...................................................................................2

24 C.F.R. § 965(E) ..........................................................................................2, 3

24 C.F.R. § 965.505(a) ........................................................................................2

24 C.F.R. § 965.507 ........................................................................................2, 3

24 C.F.R. § 965.507(b) ...............................................................................3, 4, 9

**OTHER AUTHORITIES**

7AA Charles Alan Wright *et al.* Federal Practice & Procedure (3rd ed. 2005) ................19, 20, 21

Alba Conte and Herbert Newberg, 1 *Newberg on Class Actions* (4th ed. 2002)...............16, 17, 18

Fed. R. Civ. P. 23(a) ...................................................................................15, 16

Fed. R. Civ. P. 23(a)(1) .....................................................................................16

Fed. R. Civ. P. 23(a)(2) ...............................................................................17, 18

Fed. R. Civ. P.  23(a)(4) ....................................................................................18

Fed. R. Civ. P.  23(b) ...................................................................................15, 19

Fed. R. Civ. P. 23(b)(2) .............................................................................7, 8, 21

Fed. R. Civ. P. 23(b)(3).......................................................................7, 13, 19, 20

Fed. R. Civ. P. 23(c) ...........................................................................................1

Fed. R. Civ. P. 23(c)(2)(B) .......................................................................13, 14, 29

Fed. R. Civ. P. 23(c)(3)......................................................................................29

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - vi
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

Fed. R. Civ. P. 23(e) .................................................................1, 13, 14, 15, 16, 21, 28

Fed. R. Civ. P. 23(e)(1)...................................................................................29

Fed. R. Civ. P. 23(g) ........................................................................................19

Fed. R. Civ. P. 23(h) ........................................................................................13

http://www.fjc.gov/...........................................................................................30

http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.............................30

HUD Handbook 1530.01 REV-5 (May 18, 2004)................................................7

Judges' Class Action Notice and Claims Process Checklist and Plain
    Language Guide (2010) .............................................................................30

Manual for Complex Litigation (4th ed. 2013)................................................15

Manual for Complex Litigation Third § 30.41 (1994)..................................25

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - vii
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

## I.    INTRODUCTION

This dispute arises from the Vancouver Housing Authority's ("VHA") failure to meet its obligations under 42 U.S.C. § 1437a and United States Department of Housing and Urban Development ("HUD") regulations related to "utility allowances" VHA provides its Public Housing tenants.[1] Plaintiffs Annie McCullumn, Nancy Ramey, and Tami Romero are tenants who formerly resided in or currently reside in VHA Public Housing and who paid excess rent because of VHA's failure to comply with federal law. Over a six-plus-year period, the parties have attempted to address the shortcomings in VHA's utility allowances and through mediation and arm's length negotiation have recently reached settlement. Plaintiffs respectfully request that, pursuant to Federal Rules of Civil Procedure 23(c) and 23(e), the Court provisionally certify this class action and grant preliminary approval of the proposed settlement.

Plaintiffs' proposed order will: (1) provisionally certify the Settlement Classes and appoint Class Representatives and Class Counsel; (2) grant preliminary approval of the proposed settlement; (3) approve the proposed notice of the settlement and the plan for disseminating the notice to the Settlement Classes; (4) set a deadline and procedure for those members of the Damages Class who wish to opt out or exclude themselves from the Damages Class to do so; (5) set forth the procedures and deadlines for objecting to the settlement, speaking at the Fairness Hearing, and briefing the issue of attorneys' fees and costs, including incentive payments; and (6) schedule the Fairness Hearing and set the deadline for filing a motion for final approval and replying to any objections or opposition memorandum filed by any objector. While VHA does not admit or agree with the facts or legal conclusions set forth in this motion, VHA does no oppose entry of the Plaintiffs' proposed order presented herewith.

---

[1] All capitalized terms in this motion have the meanings set out in the Settlement Agreement attached as Exhibit 1 to this motion.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 1
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

## II.     FACTUAL BACKGROUND

**A.     The Statutory Framework Underlying this Action and an Overview of Plaintiffs' Claims**

Plaintiffs are low-income tenants who formerly resided or currently reside in Public Housing owned and managed by VHA. Like most public housing tenants, they paid or pay income-based rent to VHA. By federal law, Public Housing tenants who pay income-based rent cannot, in most circumstances, be required to pay more than thirty percent of the family's monthly adjusted income for their housing, including utilities. 42 U.S.C. § 1437a. Where, as here, tenants pay for utilities not included in their rent, HUD regulations require that VHA establish, regularly adjust, and deduct from the family's total tenant payment a "utility allowance" when determining the family's rent. *See* 24 C.F.R. § 960.253(c)(3); 24 C.F.R. Part 965, Subpart E. The utility allowance is not a dollar-for-dollar reimbursement of a tenant's utility bills. Instead, it is an estimate made by VHA of the monthly cost of utilities and other services for the unit that an energy-conservative household of modest circumstances would consume, consistent with the requirements of a safe, sanitary, and healthful living environment. 24 C.F.R. § 965.505(a). For example, a tenant whose monthly income is $1,000 and whose average utility expenses are $150/month may, based on VHA's estimate, be provided a monthly utility allowance of $120. Because of this allowance, the tenant would owe no more than $180 in rent per month (instead of the $300/month he or she would otherwise owe).

VHA does not have unlimited discretion in setting utility allowances. HUD regulations require that VHA annually review its utility allowances and make appropriate adjustments. 24 C.F.R. § 965.507. HUD regulations also obligate a public housing agency to adjust its utility allowances between annual reviews when there is a utility rate change that, along with prior rate

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 2
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

changes not adjusted for, results in a change of 10 percent or more from the rates on which the allowances were based. 24 C.F.R. § 965.507(b).

When a public housing agency fails to establish or adjust its allowances in accordance with HUD regulations, its tenants end up paying rent in excess of that allowed by 42 U.S.C. § 1437a (often referred to as the Brooke Amendment) and HUD's implementing regulations. Tenants who pay such excess rent have the right to bring suit under 42 U.S.C. § 1983. *See, e.g.*, *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 430-31 (1987). They may also have a breach of contract claim. *Nelson v. Greater Gadsen Housing Authority*, 802 F.2d 405, 408-409 (11th Cir. 1986).

VHA failed to properly establish and adjust its Public Housing utility allowances as required by 24 C.F.R. Part 965, Subpart E. In particular, VHA failed to annually review and to adjust its allowances as utility rates increased, in violation of 24 C.F.R. § 965.507. Because of these failures, VHA charged the Damages Class more rent than it was permitted to by the Brooke Amendment. Plaintiffs allege a federal claim under 42 U.S.C. § 1983 and a state claim for breach of contract based upon their lease, and seek as damages the excess rents they paid, together with prejudgment interest.

### 1.     Monetary Relief for Damages Class

Plaintiffs are entitled to recover all the excess rent (the difference between the utility allowances that would have been in place had VHA appropriately adjusted its allowances and the actual utility allowances that VHA used to compute their rent) they and other members of the Damages Class paid from April 1, 2004 through April 30, 2011.[2] This measure of damages is based on a plain reading of the HUD regulations, 24 C.F.R. 965.507(b), and *McDowell v.*

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 3
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

*Philadelphia Housing Authority*, 423 F.3d 233, 239 (3rd Cir. 2005). Plaintiffs are also entitled to prejudgment interest at the rate of 12% under RCW 4.56.110(4) and RCW 19.52.020 based on their state breach of contract claim, provided the Court finds that damages are liquidated.

### 2.    Non-Monetary Relief for Declaratory and Injunctive Relief Class

Plaintiffs are also entitled to declaratory and injunctive relief requiring VHA to comply with various provisions of the HUD regulations governing utility allowances, which VHA disregarded for a number of years. They seek, in part, an injunction requiring annual reviews, allowance adjustments whenever utility rates increase by 10% or more between annual reviews, notice and an opportunity to comment whenever VHA changes its estimate of reasonable consumption of any particular utility, and the appropriate maintenance of records.

### 3.    Attorneys' Fees and Costs

Plaintiffs also seek to recover their reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and under the provision of their lease, which provides that "[t]he prevailing party in any litigation shall be entitled to recover costs of suit and a reasonable attorney's fee."

### B.    Plaintiffs' Investigations and the Negotiations Leading to the Settlement Agreement

In April 2009, Columbia Legal Services ("CLS") sent a request for public records to a number of public housing agencies in the State of Washington, including VHA, to ascertain the adequacy of their Public Housing utility allowances. Declaration of Merf E. Ehman ("MEE Decl.") ¶¶ 12, 13. Based on this inquiry, CLS discovered that VHA had not annually reviewed or adjusted its allowances as required by HUD regulations. *Id.* at ¶ 14. In December 2009, CLS sent letters to VHA's Public Housing tenants advising them that VHA may have overcharged them rent. Declaration of Gregory D. Provenzano ("GDP Decl.") at ¶ 15. Upon learning of this

---

[2] The damages period is based on a tolling agreement between the parties and the applicable six-year statute of

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 4
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1   correspondence, VHA undertook a partial review of its utility allowances, and sent out two

2   rounds of rent refund checks in January and February 2010 to those tenants VHA determined had

3   paid too much rent. *Id.* at ¶ 16.

4       On April 12, 2010, CLS sent a letter to VHA's Executive Director asserting that VHA's

5   public housing utility allowances were not established nor adjusted in accordance with federal

6   law, and that as a result, families residing in VHA's Public Housing had paid more rent than

7   allowed by 42 U.S.C. § 1437a.  GDP Decl. ¶ 17. The letter also stated that CLS planned to file a

8   class action lawsuit seeking declaratory and injunctive relief, a refund of any rent paid in excess

9   of that allowed under federal law, prejudgment interest, court costs, and reasonable attorneys'

10   fees unless VHA: (1) agreed to discuss the merits and possible resolution of these claims; (2)

11   adequately responded to requests for public records and shared the information needed to

12   investigate CLS' clients' claims and resolve them; and (3) executed an agreement tolling any

13   applicable statute of limitations while these discussions were underway. *Id*. On April 23, 2010,

14   VHA's Executive Director executed the tolling agreement. *Id.* at ¶ 18.

15       During subsequent discussions, VHA informed CLS that it would retain a consultant to

16   determine the adequacy of its public housing utility allowances going back to April 1, 2004. *Id*.

17   at ¶ 19. VHA agreed to share its consultant's report and recommendations, including any actual

18   utility consumption data it collected, with CLS. *Id*. Subsequently, Plaintiffs retained their own

19   consulting expert to review the information it obtained from VHA. *Id*. at ¶ 27.

20       On or about February 28, 2011, VHA sent a letter to its then-current Public Housing

21   tenants stating that it had retained a consultant to review the adequacy of its utility allowances

22   and based on the recommendations of this consultant that it would implement revised public

23

limitations on Plaintiffs' breach of contract claim.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 5
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

housing utility allowances effective May 1, 2011. *Id*. at ¶ 21. A few days later, VHA decided to make additional rent refunds to both then-current and former tenants who it determined had paid excess rents going back to April 1, 2004. *Id*. at ¶ 22.

On or about March 31, 2011, VHA sent rent refund checks to approximately 315 then-current tenants totaling approximately $215,603.97, with an accompanying letter. *Id.* at ¶ 23. The accompanying letter stated, "[i]f you cash or deposit this check, you are agreeing that the amount of the check is the total amount owed to you based on any correction to the utility allowance used in the past for determining your rent and that you consider the issue of past utility allowances to be closed." *Id.* CLS continued to investigate and evaluate Plaintiffs' claims. *Id*. at ¶ 24. VHA took no steps to terminate the tolling agreement. *Id*.

In February 2012, after concluding that any affirmative defense of accord and satisfaction was meritless, Plaintiffs asked VHA to mediate this dispute. *Id*. at ¶ 28. VHA agreed to do so. *Id*. On May 15, 2012, Honorable Terrence A. Carroll, a former King County Superior Court judge, presided over a full day of mediation. *Id*. at ¶¶ 28, 29. The Parties exchanged mediation statements prior to the mediation, and each party submitted private mediation letters to the mediator. MEE Decl. ¶ 17. Although the Parties were unable to reach settlement, they entered into a written agreement to continue their efforts to resolve this dispute. GDP Decl. at ¶ 29; MEE Decl. at ¶ 18. At the conclusion of the mediation, the parties executed an agreement obligating VHA to collect and share with Plaintiffs' counsel actual utility billing data, to the extent it was available, to further resolution of the dispute. GDP Decl. ¶ 29.

Since then, the Parties have engaged in protracted, arm's length negotiations in an effort to settle this matter. *Id*. at ¶ 30. During these negotiations, the Parties agreed upon a Settlement Fund (and how these monies would be distributed to members of the Damages Class) and the

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 6
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

non-monetary, prospective relief provisions of the Settlement Agreement. *Id.* at ¶ 31.

Subsequently, the Parties reached agreement on the amount of attorneys' fees and costs,

including incentive payments, that VHA would pay, provided the Court approves the award. *Id.*

After more than 29 months of post-mediation negotiations, the Parties reached agreement on the

terms and conditions set forth in the Settlement Agreement, including exhibits, attached as

Exhibit 1. *Id.* at ¶ 32.

On February 4, 2015, HUD approved the settlement as required by HUD Handbook

1530.01 REV-5 (May 18, 2004). *Id.* at ¶ 33. The Parties subsequently executed the Settlement

Agreement. *Id.* at ¶ 34. Plaintiffs promptly filed this Action. *Id.* at ¶ 35. VHA waived service. *Id.*

### III.     TERMS OF THE SETTLEMENT AGREEMENT

The Settlement Agreement provides for payments to most members of the Damages

Class. The Settlement Agreement also includes prospective, non-monetary relief enforceable by

the Declaratory and Injunctive Relief Class for a period of forty-eight (48) months that should

ensure that VHA complies with various HUD regulations governing utility allowances. The

Settlement Agreement also provides for the payment of a portion of the reasonable attorneys'

fees and costs Plaintiffs' Counsel expended on this matter, and modest incentive payments for

the three Class Representatives, if approved by this Court.

### A.     The Settlement Classes

The Settlement Agreement provides for the certification of two Settlement Classes: a

Damages Class under Federal Rule of Civil Procedure 23(b)(3) and a Declaratory and Injunctive

Relief Class under Rule 23(b)(2). Settlement Agreement ("SA") at ¶ 2. The Damages Class

includes both former and current tenants residing in VHA's Public Housing. *Id.* at ¶ 2.2. The

Declaratory Injunctive Relief Class includes current and some future tenants. *Id.* at ¶ 2.3.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 7
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

The Damages Class is defined as all adult heads of household who (a) executed a lease and resided in Public Housing owned by VHA between April 1, 2004 and May 1, 2011; (b) paid an income-based or minimum rent; and (c) were responsible for tenant-paid utilities. *Id*. at ¶ 2.2. Members of the Damages Class, identified through VHA records, are listed in Exhibit E to the Settlement Agreement.[3] The Damages Class is large, consisting of some 887 households. *Id.*

The Declaratory and Injunctive Relief Class is defined as all adult heads of household who (a) executed a lease and currently reside in Public Housing or Covered Housing owned by VHA at the time the Final Judgment and Order is entered, or execute a lease and reside in Public Housing owned by VHA in the future while the non-monetary relief provisions in Section 3.7 of the Settlement Agreement remain in effect; (b) pay or will pay an income-based or minimum rent; and (c) are or will be responsible for tenant-paid utilities. *Id*. at ¶2.3.[4]

**B.    Settlement Benefits**

The settlement provides significant benefits to both proposed Settlement Classes. Based on their assessment of the strengths and weaknesses of the case and other factors, Plaintiffs and their counsel believe that the settlement is fair, adequate and reasonable, and in the best interests of all Class Members. Declaration of McCullumn at ¶ 20; Declaration of Ramey at ¶17; Declaration of Romero at ¶16; GDP Decl. at ¶43; MEE Decl. at ¶ 20.

**1.    Damages Class**

VHA has agreed to establish a Settlement Fund in the amount of $488,824.02 from which

---

[3] To protect the privacy of members of the Damages Class, Exhibit E will not be filed in the court record, posted, published, or otherwise made publically available, unless the Court orders otherwise.

[4] Exhibit D of the Settlement Agreement shows those units that the Parties consider to be Public Housing and Covered Housing at the time the Settlement Agreement was filed with the Court. *Id*. As a result of the sale or disposition of various Public Housing units over the last several years, the Declaratory and Injunctive Relief Class now consists of approximately 272 households. S.A., Exhibit D.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 8
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

it shall disburse payments by checks to members of the Damages Class in accordance with the provisions of the Settlement Agreement. S.A. at ¶ 3.1. For each member of the Damages Class, Plaintiffs calculated the excess rent he or she paid from April 1, 2004 through April 30, 2011 by determining the difference between the utility allowance that should have been in place had VHA adjusted its allowances annually to account for all utility rate increases and the actual utility allowances VHA used to compute rent. *Id.* at ¶ 3.1.3. Plaintiffs' calculations were based on VHA's records and on 24 C.F.R. § 965.507(b), as interpreted by *McDowell v. Philadelphia Housing Authority*, 423 F.3d 233 (3rd Cir. 2005). Plaintiffs also calculated the prejudgment interest due for each month the utility allowance was too low from the date the rent was paid through December 31, 2014, using an annual inflation factor of 2.4%.[5] S.A. at ¶ 3.1.3. Next, Plaintiffs subtracted the previous rent refund payments that VHA made to each Class Member, or rent credits, if any, in the months of January 2010, February 2010, and March 2011. *Id.* The difference, if any, is the balance due each Class Member under Plaintiffs' theory of the case. *Id.* There are a relatively  small number of Class Members who suffered no damages under Plaintiffs' theory of the case because VHA's rent refunds in January 2010, February 2010, and March 2011 exceed the excess rent and prejudgment interest due.

The Settlement Fund constitutes approximately 59% of the sum total due all Class Members under Plaintiffs' theory of the case. *Id.* at ¶ 3.1.3. VHA will therefore refund each Damages Class member this percentage of the balance due him or her under Plaintiffs' theory of the case as his or her Settlement Share. *Id.* Exhibit F shows the Settlement Share due each

---

[5] According to the U.S. Department of Labor, Bureau of Labor Statistics, the Portland-Salem the Consumer Price Index, All Items for All Urban Consumers (CPI-U), the annual average inflation rate (over-the-year percent change) from 2004 through 2013 (the last full year available when the amount of the Settlement Fund was negotiated) was 2.4%.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 9
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

member of the Damages Class. *Id.* at ¶ 3.1.4. To protect the privacy of members of the Damages Class, each Class Member is identified by a unique resident ID number.

The Parties agree that VHA shall have the right to set off against each Damages Class Member's Settlement Share any unpaid rent or other charges due under the Class Member's Public Housing lease.[6] *Id.* at ¶ 3.1.5. Importantly, VHA has agreed that it will not assert any such setoff without providing the Class Member notice and an opportunity to contest the setoff.[7] *Id.* at ¶¶ 3.1.5, 3.2. Class members will have a right to appeal their Settlement Share and any proposed setoffs in certain situations as set out under the Settlement Agreement. *Id.* at ¶ 3.2.1.

If a potential member of the Damages Class opts out or requests exclusion from the Damages Class, his or her share of the Settlement Fund will revert to VHA.[8] *Id.* at ¶ 3.5. In all other cases, the funds will go to the identified Class Member, his or her former spouse where co-heads of households have divorced, or to the Class Member's estate, heirs, or successors. *Id.* ¶¶ 3.3.1, 3.3.2, 3.3.3. If VHA cannot locate a Class Member or a settlement check is not negotiated, the funds shall be considered "abandoned property" belonging to the Class Member and shall be handled in accordance with the provisions of Chapter 63.29 RCW Uniform Unclaimed Property

---

[6] This type of provision has been routinely included in similar settlements involving other housing authorities. *See, e.g.*, *Shump v. Balka*, 574 F.2d 1341,1346 (10th Cir. 1978).

[7] A Class Member shall have no right to contest a setoff where the debt has been reduced to judgment, where the validity of the debt was previously decided by a hearing officer following a hearing under VHA's Public Housing Grievance Procedure, or where the Class Member previously executed a written repayment agreement acknowledging the debt. *See*, S.A. at ¶3.2.1.2.

[8] The Settlement Agreement includes a "blow-up provision" allowing VHA to terminate the Settlement Agreement where the total value of the Settlement Shares of Class Members who timely opt out exceeds fifteen (15)) percent of the Settlement Fund. S.A. at ¶ 8.5. To exercise this right, VHA must provide written notice to Class Counsel and the Court no later than seven (7) Days after the final deadline for opting out of the Damages Class. *Id.* Although the Parties have included the blow-up provision in the Settlement Agreement, they have proposed that this provision not be disclosed to Class Members as part of the class or summary notices, Exhibits H and G. The threshold number of opt outs required to trigger a blow-up provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out. *See, e.g.*, *In re Health Corp. Securities Litigation*, 334 Fed. Appx. 248, 250 n.4 (11th Cir. 2009).

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 10
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

Act. S.A. ¶ 3.5. VHA has agreed to take reasonable steps, set forth in the Settlement Agreement, to locate Damages Class Members who no longer reside in its Public Housing. *Id*. at ¶ 3.1.6. Lastly, for those members of the Damages Class who will not receive a Settlement Share because they received previous rent refunds in excess of the damages Plaintiffs claim are due, VHA has agreed that it will not seek to recoup or recover such payments. *Id*. at ¶ 3.4.2.

### 2.    Declaratory and Injunctive Relief Class

The Settlement Agreement also provides prospective, non-monetary relief enforceable by members of the Declaratory and Injunctive Relief Class. S.A. at ¶ 3.7. VHA has agreed that it will annually review and adjust as necessary both its Public Housing and its Covered Housing utility allowances. *Id*. at ¶ 3.7.2. VHA has agreed to adjust its Public Housing utility allowances between annual reviews where utility rates increase by 10% or more. *Id*. at ¶ 3.7.3. The Settlement Agreement includes other provisions benefitting members of the Declaratory and Injunctive Relief Class, including a 60-day notice and comment requirement for Public Housing utility allowances, recordkeeping requirements, an individual relief policy, and changes to VHA's dwelling leases. *Id*. at ¶¶ 3.7.4–3.7.7. Notably, the settlement provides protections both to Public Housing tenants and former Public Housing tenants now residing in Covered Housing. Id. at ¶¶ 3.7–3.7.7.5. If the Court approves the settlement, these provisions will be incorporated into a Final Order and Judgment and will remain in effect for 48 months from the effective date of that order. *Id*. at ¶ 3.7.10.

The Settlement Agreement also includes reporting and other provisions designed to ensure that Class Members and Class Counsel can monitor compliance by VHA with the terms and conditions of the Settlement Agreement, including annual compliance reports. *Id.* at ¶¶ 3.6, 3.7.9. The Settlement Agreement includes specific provisions in case of noncompliance,

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 11
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1    including notice requirements, a requirement that the Parties work in good faith to resolve any

2    dispute, mandatory third-party mediation, and the right of a prevailing party to seek reasonable

3    attorneys' fees and costs. *Id*. at ¶¶ 11.3, 11.4.

4    **C.    Attorneys' Fees and Expenses**

5         Pursuant to the Settlement Agreement, Class Counsel will file a separate request for

6    approval from the Court of an award of up to, but no more than, $110,000.00 for attorneys' fees

7    and costs, including modest incentive payments for each of the three Class Representative that

8    the Court may allocate out of this amount. S.A. at ¶ 3.8. VHA has agreed not to oppose

9    Plaintiffs' motion for attorneys' fees and costs and any request for incentive payments, provided

10   no individual incentive payment exceeds $2,500.00. *Id*. at ¶ 3.8.1. The incentive payments will

11   come out of the attorneys' fee award that would otherwise go to Class Counsel.  *Id.* at ¶ 3.8.

12   **D.    Release of Claims**

13        **1.    Plaintiffs and Damages Class**

14        If the Court approves the Settlement Agreement, Plaintiffs and the members of the

15   Damages Class will be deemed to have released all Settled Claims, including any claim for

16   additional attorneys' fees and costs. *Id*. at ¶ 11.1, 1.29.1, 1.29.2. Settled Claims cover all claims

17   and damages, known, or unknown, asserted or unasserted arising out of the facts giving rise to

18   this Action. *Id*. at ¶ 1.29.

19        **2.    Declaratory and Injunctive Relief Class**

20        If the Court approves the Settlement Agreement, members of the Declaratory and

21   Injunctive Relief Class will also be deemed to have released all claims that they asserted or could

22   have asserted for declaratory and injunctive relief. *Id*. at ¶¶ 11.1, 1.29.3. This release covers all

23   such claims, known, or unknown, asserted or unasserted, arising out of the facts giving rise to

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 12
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

this Action. *Id*. at ¶ 1.29. A member of the Declaratory and Injunctive Relief Class who is not also a member of the Damages Class will not waive any monetary claims. Moreover, the release does not bar members of the Declaratory and Injunctive Relief Class from seeking relief should VHA fail to comply with the Settlement Agreement or should it engage in future conduct giving rise to similar claims.

**E.     Notice of Settlement and Right to Opt Out**

The Parties have agreed to a notice plan that includes individual notice by U.S. Postal Service, first-class mail, postage prepaid, to the last known address for each Class Member. S.A. at ¶ 7.3. VHA has agreed to use a U.S. Postal Service ancillary service endorsement that, in most cases, will provide it with an addressee's current address. *Id*. at ¶ 7.6. VHA will make a second mailing where the U.S. Postal Service notifies VHA of a forwarding address. *Id*. at ¶ 7.7. VHA will also publish a Summary Notice in its Resident Newsletter and in the local Clark County paper, *The Columbian*. *Id*. at ¶ 7.3. In addition, VHA and Class Counsel will post the notice and related documents on their websites. *Id*. at ¶ 7.4.

The Notice of Proposed Class Action Settlement and Right to Opt Out and Summary Notice ("Notice") will provide Class Members with all the information generally required under Rule 23(c)(2)(B) for Rule 23(b)(3) classes, for settlement of a class action lawsuit under Rule 23(e), and for an award of attorneys' fees and costs under Rule 23(h). *See*, S.A., Exhibits H, H-1, G. The notices will inform Class Members of: the nature of the action; the litigation background and terms of the Settlement Agreement, including the definition of the Settlement Classes; the right of Damage Class members to opt out or exclude themselves from the Damages Class; the right of any Class Member to object to the settlement or award of attorneys' fees and expenses, including incentive payments; the relief provided by the Settlement Agreement; Class Counsel's

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 13
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

request for fees, costs, and incentive payments; and the scope of all releases and binding nature of the settlement on Class Members. The notices will also describe the procedure and deadlines for objecting to the settlement and/or responding to the request for attorneys' fees and costs, including incentive payments, and the date, time and procedures for the Fairness Hearing.

**F.    Opt-Outs**

Any member of the Damages Class may opt out of the Damages Class in accordance with the provisions of Federal Rule of Civil Procedure 23(c)(2)(B). S.A. at ¶ 8. The notices provide all of the information required by this Rule so that a Class Member may make an informed decision as to whether to opt out from the Damages Class. Any member of the Damages Class who wishes to opt out must complete, sign, file, and serve an Opt-Out Form, no later than thirty (30) Days before the Fairness Hearing. S.A. at ¶ 8.3 and Exhibit H. VHA shall mail the Opt-Out Form to all members of the Damages Class as part of Exhibit H.

**G.    Objections**

Written objections, and notice of an intention to appear and speak at the Fairness Hearing, must be filed and served no later than thirty (30) Days before the Fairness Hearing. S.A. at ¶¶ at 9.2, 9.3. The objection must include: (1) a statement of the Class Member's objection(s); (2) the Class Member's name, address, and telephone number; and (3) information demonstrating that the Class Member is a member of one of the Settlement Classes. *Id*. at ¶ 9.2.

## IV.    ARGUMENT

Parties may not settle a class action without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, a court should first determine whether to certify the class provisionally. *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003). In doing so, the court "must pay 'undiluted, even heightened,

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 14
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

attention' to class certification requirements." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998) (*citing Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). The court cannot rely on the parties' agreement to certify the class; it must satisfy itself that the requirements of Rule 23(a) and (b) have been met "so that absent members can fairly be bound by decisions of class representatives." *Amchem Prods., Inc*., 521 U.S. at 619-622.

The court must also determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon,* 150 F.3d at 1026. If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it makes a final determination whether to approve the settlement after providing notice and an opportunity to object to class members. *See*, Manual for Complex Litigation 21.633–21.635 (4th ed. 2013).

## A.     The Proposed Classes Should be Provisionally Certified

Plaintiffs seek provisional certification of two Settlement Classes. A court can certify a class only if it meets the four elements of Federal Rule of Civil Procedure 23(a) and additionally fits within one of the three subdivisions of Rule 23(b). *Amchem Prods., Inc.,* 521 U.S. at 614. The party moving for class certification has the burden of proving that these prerequisites are met. *Fernandez v. Dep't of Soc. & Health Services,* 232 F.R.D. 642, 644 (E.D. WA 2005). Although a district court has discretion in determining whether these requirements are met, the court must conduct a rigorous inquiry before certifying a class. *Gen. Tel. Co. of Southwest. v. Falcon*, 457 U.S. 147, 161 (1982); *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 981 (9th Cir. 2011). In some instances, a court may need to probe behind the pleadings prior to class certification to ensure that these requirements have been met. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-2552 (2011).

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 15
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

Courts have approved class action settlements in cases similar to this one under Rule 23(e) involving Public Housing and Section 8 utility allowances. *See, e.g.*, *Galindo v. Housing Authority of Los Angeles*, Case No. CV 12-2449-GW (Order Granting Plaintiffs Motions for Final Approval of Settlement Agreement and Award of Attorneys' Fees and Costs) (C.D. Cal. March 5, 2015); *McDowell v. Philadelphia Housing Authority*, Case No. 97-2302, 2013 WL 2291873 (E.D. Penn. May 24, 2013) (court approved settlement agreement that established monetary fund to compensate class members harmed when the public housing authority failed to factor in rising gas rates into utility allowances). Each of the two proposed Settlement Classes meets the required class certification criteria and the settlement is fair, adequate and reasonable.

**1.     Both Settlement Classes Meet the Four Elements of Rule 23(a)**

**a.     The size of the two classes and other factors make joinder impracticable.**

"Rule 23(a)(1) is an impracticability of joinder requirement." Alba Conte and Herbert Newberg, 1 *Newberg on Class Actions*, § 3:3 (4th ed. 2002) (hereinafter "Newberg"); *see also*, *Smith v. Univ. of Washington,* 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998) (joinder does not need to be impossible, but simply impracticable depending on the facts and circumstances of the case). "[F]actors such as … the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought, should be considered in determining whether joinder is practicable." *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). Moreover, the numerosity requirement is presumptively met when a proposed class exceeds forty members. *See, e.g.*, *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (collecting cases).

Here, joinder is impracticable due to the large number of class members. There are some 887

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 16
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

member of the Damages Class. GDP Decl. at ¶ 36. The relatively modest monetary claim of each

member makes joinder impracticable. The Declaratory and Injunctive Relief Class is also large,

exceeding more than 200 households, and includes future class members making joinder or

individual lawsuits inherently impracticable. *Id.*

### b.    There are common questions of law and fact.

Rule 23(a)(2) requires that there be at least one question of law or fact common to

members of the class. *Blackie v. Barrack,* 524 F.2d 891, 904 (9th Cir. 1975); *see also* 1

Newberg, § 3:12. Commonality does not require that plaintiffs' injuries be identical to those of

other class members, only that the injuries are similar *and* that they result from the same course

of conduct. *See Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1994). In a civil rights action,

commonality is generally satisfied where the lawsuit challenges a system-wide practice or policy

that affects all of the putative class members. *Tarrer v. Pierce Cnty.*, 2010 WL 5300801, at *2

(W.D. Wash. Dec. 21, 2010) (*citing LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985)).

Here, Plaintiffs' claims and those of each of the Settlement Classes arise from a common

nucleus of facts and are based on the same legal theories. VHA's utility allowance policies and

practices adversely affected all its Public Housing tenants who paid an income-based or

minimum rent and paid for various utilities. In violation of federal law, VHA consistently failed

to annually review and adjust its Public Housing utility allowances as utility rates increased,

leading to members of the Damages Class overpaying rent. Requiring VHA to annually review

and properly adjust its utility allowances and fairly compensate those members who overpaid

rent resolves these claims. Thus, these harms are capable of class-wide resolution in keeping

with the requirements of Rule 23(a)(2).  *See, Wal-Mart*, 131 S. Ct. 2551.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 17
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

c.    **Plaintiffs' claims are typical of the claims of the Settlement Classes.**

Typicality is satisfied if: (1) other members have the same or similar injury; (2) the action is based on conduct that is not unique to the named plaintiff; and (3) other class members have been injured by the same course of conduct. *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003) (*citing Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). "In government benefit class actions, the typicality requirement is met when the representative plaintiff is subject to the same statute, regulation or policy as class members." *Rancourt v. Concannon,* 207 F.R.D. 14, 16 (D. Me. 2002), *citing* 5 Newberg § 23:04. All that is required is that class members have injuries similar to the class representatives and that those injuries result from the same course of conduct. *Armstrong v. Davis,* 275 F.3d 848, 869 (9th Cir. 2001).

Here, Plaintiffs' causes of action stem from the identical conduct that forms the basis of the class claims. Further, Plaintiffs seek the same monetary, declaratory and injunctive relief for all members of the two proposed Settlement Classes.

d.    **The proposed class representatives and counsel have adequately protected the interests of the class and will continue to do so.**

To determine whether the representative parties will adequately represent the class, as required by  Rule 23(a)(4),  a court asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020. Where there are no conflicts between the class representative and other class members, the focus is "primarily on class counsel, not on the plaintiff, to determine if there will be vigorous prosecution of the class action." Newberg § 3:24.

Here, Plaintiffs' claims and interests are not in conflict with, but instead mirror, the interests of the proposed Damages Class and Declaratory and Injunctive Relief Class. *See*

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 18
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1   Declarations of McCullumn, Ramey, and Romero.

2   As required by Federal Rule of Civil Procedure 23(g), Plaintiffs request that the Court

3   appoint Columbia Legal Services as Class Counsel for both Settlement Classes. These counsel

4   have spent considerable effort identifying and investigating the claims of the proposed Damages

5   Class and the proposed Declaratory Relief and Injunctive Relief Class. GDP Decl. at ¶¶ 14, 18,

6   19, 20, 24, 27, 28; MEE Decl. at ¶¶ 12-17. They have extensive experience handling class

7   actions and claims of the type asserted here and are knowledgeable about the applicable law.

8   GDP Decl. at ¶¶ 5,6, 10; MEE Decl. at ¶¶ 4-8. Columbia Legal Services is also prepared to

9   commit the resources needed to handle this action. *Id.*

10        **2.     Each Settlement Class Satisfies Rule 23(b)**

11             **a.     Certification of the Damages Class is appropriate under Rule 23(b)(3).**

12   Plaintiffs request that the Damages Class be certified pursuant to Rule 23(b)(3), which is

13   appropriate "whenever the actual interests of the parties can be served best by settling their

14   differences in a single action." 7AA Charles Alan Wright *et al.* Federal Practice & Procedure

15   § 1777 (3rd ed. 2005). Such certification is appropriate if: (1) "the questions of law or fact

16   common to class members predominate over any questions affecting only individual members,"

17   and (2) a class action is superior to other available methods for fairly and efficiently adjudicating

18   the controversy." Fed. R. Civ. P. 23(b)(3). These two requirements, called the "predominance"

19   and "superiority" requirements, *see Hanlon*, 150 F.3d at 1022-23, are met here.

20   As to predominance, there is a common nucleus of facts and claims amongst Plaintiffs

21   and members of the Damages Class. These common issues predominate over any questions

22   affecting only individual members. Whether Plaintiffs and Class Members are entitled to recover

23   excess rent they paid because VHA failed to annually review and adjust their utility allowances

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 19
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1    and the appropriate amount of restitution can be resolved for all members of the Class in a single

2    adjudication. These common questions overwhelmingly predominate over any individual issues

3    (*e.g.*, setoffs the VHA may be able to assert against some individual class members).

4          As far as superiority, Rule 23(b)(3) requires an assessment of whether the objectives of

5    the class action procedure will be achieved in the particular case. *Hanlon*, 150 F.3d at 1023

6    (*citing* Wright § 1779). This assessment involves a comparative evaluation of alternative

7    mechanisms of dispute resolution. *Id.* In this case, as in *Hanlon*, the only alternative method of

8    resolution would be individual lawsuits for small monetary claims that might be subject to a

9    statute of limitations defense, and that would unnecessarily burden the judiciary, and prove

10   uneconomic for tenants. *Id.* As in *Hanlon*, litigation costs for most individuals would dwarf any

11   potential recovery. *Id.* Given these factors, a fair examination of the only alternative can only

12   result in one conclusion:  a class action is clearly the preferred procedure in this case. *Id.*

13         Any consideration of the specific, non-exclusive factors set forth in Rule 23(b)(3) leads to

14   the same conclusion reached by the Ninth Circuit in *Hanlon*. From either a judicial or litigant

15   viewpoint, there is no advantage in individual members controlling the prosecution of separate

16   actions. *Hanlon*, 150 F.3d at 1023. There would be less litigation or settlement leverage,

17   significantly reduced resources, and no greater prospect for recovery. *Id.* There is no pending or

18   anticipated litigation concerning this controversy. There is no need to concentrate the litigation

19   of claims in a particular forum elsewhere. Finally, given that the Court is only being asked to

20   certify the Damages Class for purposes of settlement, there is no need to consider whether the

21   case, if tried, would present management problems. *Amchem Products, Inc.*, 521 U.S. at 620. In

22   short, for the foregoing reasons, the Court should find all the requirements for certifying the

23   Damages Class, for purposes of settlement, have been met here.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 20
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

### b.   Certification of the Declaratory and Injunctive Relief Class is equally appropriate under Rule 23(b)(2).

Rule 23(b)(2) has two requirements. *First,* "the challenged conduct or lack of conduct [must] be premised on a ground that is applicable to the entire class." 7AA Wright & Miller § 1775. *Second,* "final injunctive or declaratory relief must be requested against the party opposing the class." *Id*. Both requirements are satisfied here.

Courts have routinely certified 23(b)(2) class actions brought to challenge public housing agencies' failure to comply with various federal housing statutes and regulations. *See e.g.*, *Amone v. Aveiro*, 226 F.R.D. 677 (D. Hawaii 2005); *Sylvester v. U.S. Dept. of Housing and Urban Development*, Case No. 88-1134, 1988 WL 131588 (E.D. Louisiana Dec. 1, 1988). This Court should do the same.

## B.   The Proposed Settlement Agreement Should Be Preliminarily Approved

### 1.   The Standard for Preliminary Approval

Federal Rule of Civil Procedure 23(e) provides that parties cannot settle or compromise a class action without court approval. To approve the proposed settlement, the court must determine that it is fair, reasonable, and adequate. *In re Syncor ERISA Litigation.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

The court's role in the class action settlement process is to protect the rights of those not involved in negotiating the settlement, the unnamed class members. *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). The protection afforded by Federal Rule 23(e) is primarily procedural in nature, requiring class notice of the proposed settlement; approval only after a hearing and a finding that the settlement is fair, reasonable, and adequate; disclosure of any agreement made in connection with the proposed settlement; and opportunities to object. *Pierce v. Novastar Mortgage, Inc.*, 2007 WL 1847216,

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 21
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

*2 (W.D. Wash. June 27, 2007).

As explained in *Officers for Justice*:

The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. This is by no means an exhaustive list of relevant considerations, nor have we attempted to identify the most significant factors. The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.

688 F.2d at 625 (citations omitted). In more recent opinions from the Ninth Circuit, these are sometimes referred to as the *Churchill factors,* having been discussed in *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F. 3d 935, 946 (9th Cir. 2011). The court's inquiry into what is otherwise a private, consensual agreement between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *Officers for Justice*, 688 F.2d at 625.

At the preliminary approval stage, the Court's evaluation of whether the Settlement Agreement is fair, reasonable, and adequate is limited. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). *See also Young v. Polo Retail, LLC*, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006); *In re Vitamins Antitrust Litig.*, 2001

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 22
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

WL 856292, at *4-5 (D.D.C. July 25, 2001).

> **2.** **The Settlement Is Presumptively Fair and Satisfies the Criteria Courts Use in Deciding Whether to Preliminarily Approve a Class Action Settlement**

A presumption of fairness exists if the settlement is reached through arm's length negotiation, sufficient investigation has taken place to allow counsel and the court to act intelligently, and counsel is experienced in similar types of litigation. *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arm's length negotiation is presumed fair."); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("Significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class.") (internal quotation marks and citation omitted). This Court has recognized that presumption. *See, e.g.*, *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001). As shown below, the proposed settlement here is entitled to this presumption of fairness. It also satisfies the other criteria that courts use in determining whether to approve a class action settlement preliminarily, before directing notice to the class and scheduling a fairness hearing.

> **a.** **The settlement is the result of protracted, arm's length, informed negotiations.**

The settlement in this case easily meets the standard for preliminary approval. Class Counsel are experienced in the area of federally subsidized housing law. GDP Decl. at ¶¶ 6, 39; MEE Decl. ¶¶ 4-7 . They, and their co-counsel from Perkins Coie, LLP, fully investigated their clients' claims and carefully researched applicable law prior to the mediation that resulted in the settlement. GDP Decl. at ¶¶ 14, 43. Class Counsel served extensive Public Records Act requests, reviewed a significant amount of information received, queried VHA's consultant, engaged an

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 23
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1   expert witness, and undertook comprehensive legal research prior to mediation and the

2   settlement of this lawsuit. *Id*. at ¶¶ 14, 20, 27, 28.

3        Additionally, the Settlement Agreement is the product of formal, arm's length negotiation

4   between the Parties. Mediation took place over a full day with the assistance of a retired judge

5   experienced in mediating complex civil litigation. GDP Decl. at ¶ 29. The negotiations continued

6   until their conclusion in September 2014. *Id*. at ¶¶ 30-32. Class Counsel is confident, based on

7   experience in litigating complex civil matters, that they have a full understanding of the facts at

8   issue and the strengths and weaknesses of the allegations in the operative complaint. *Id.* at ¶ 43.

9        **b.**    **The settlement is well "within the range of possible approval."**

10        There can be little doubt that the proposed settlement is "within the range of possible

11   approval." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. at 102. The settlement will

12   result in significant monetary compensation for most members of the Damages Class, almost

13   doubling the relief that the VHA had previously provided. See Exhibit F at Page 17 (Compare

14   Settlement Share Totals of $488,824 to the $357,175 that VHA previously provided to class

15   members through refunds and rent credits in January 2010, February 2010 and March 2011 as shown

16   under the Total Adjustments column). The settlement mandates that VHA adhere to certain

17   requirements in the future concerning its utility allowances. S.A. at ¶ 3.7. For example, VHA must

18   make specific changes to its leases. *Id*. at ¶3.7.7.

19        Throughout the settlement negotiations, the Parties considered factors such as the past

20   and ongoing cost of this contentious dispute, the scope of relief that was being sought and that

21   might be provided, the cost and benefit of such relief, the risks to each party of class certification

22   and trying the matter, and the possibility of appeals from the Court's decision, which would only

23   add to the expense, delay, and uncertainty of the litigation. The Parties and Class Counsel believe

that the settlement is fair, reasonable, and adequate. As noted above, members of the Damages

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 24
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1   Class are recovering almost 59% of the damages that Plaintiffs estimates they would likely

2   recover at trial if Plaintiffs prevailed on all claims. Given the uncertainties of continued

3   litigation, the delay involved, and other factors, this proposed settlement undoubtedly falls well

4   within the range of possible approval. GDP Decl. at ¶ 43; MEE Decl. at ¶ 20.

5           **c.**      **The settlement has no obvious deficiencies.**

6         A variety of "obvious deficiencies" can preclude preliminary approval, including "unduly

7   preferential treatment of class representatives or of segments of the class, or excessive

8   compensation of attorneys." *In re Vitamins Antitrust Litig.*, 2001 WL 856292, at *4 (citing

9   Manual for Complex Litigation Third § 30.41 (1994)). Courts have also denied approval because

10  of overly broad releases. *See, e.g.*, *Custom LED, LLC v. eBay, Inc.*, 2013 WL 4552789, *6 (N.D.

11  Cal. Aug. 27, 2013) (finding release overly broad where it released all claims known or unknown

12  regardless of whether any such claim is based on the allegations in the complaint).

13        No such defects are present here. There is no preferential treatment of the Class

14  Representatives. GDP Decl. at ¶ 40; MEE Decl. at ¶ 21. The Class Representatives' Settlement

15  Shares have been calculated in the same manner as that of other Class Members.[9]  GDP Decl. at

16  ¶ 40. As to the Declaratory and Injunctive Relief Class, the non-monetary relief is identical for

17  everyone. The releases here, although broad, do not extend beyond the allegations in the

18  Complaint. *See*, **S**.A. at ¶¶ 1.29.1-1.29.3. Moreover, as discussed below, there is no evidence that

19  either the Class Representatives or Class Counsel are being excessively compensated through

20  incentive payments or attorneys' fees.

21

22

23

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 25
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

#### d.    The proposed incentive payments are reasonable.

Trial courts have discretion to approve incentive payments in class actions and do so routinely. *See, Rodriquez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Here, the Parties have agreed that Plaintiffs may ask the Court to award incentive payments for the three Class Representatives, provided no individual incentive payment exceeds $2,500.00. S.A. at ¶ 3.8. This is not a case where there was an incentive agreement or where the award of any incentive payment has been conditioned upon the Class Representatives approving the settlement. *See,* GDP Decl. at ¶ 42. As a result, there is no reason to call into question whether the Class Representatives have adequately represented the two settlement classes.

In analyzing the propriety and amount of any proposed incentive payments, courts consider a host of factors focused on the class representatives' efforts on behalf of the class or classes they represent. *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1328 (W.D. Wash. 2009). In a separate motion, Plaintiffs will demonstrate why the proposed payments are appropriate given the time and effort the Class Representatives expended on behalf of the class and the risk they took by initiating this action. If approved, these incentive payments will not come out of the Settlement Fund, but instead will reduce the attorneys' fee award going to Class Counsel. Plaintiffs will show that the proposed incentive payments are well within the range of incentive payments approved in comparable cases.

#### e.    The attorneys' fees and costs provisions are also reasonable.

In a class action, courts must independently determine whether the attorneys' fees and

---

[9] When we compare the total claims based on Plaintiffs' theory of the case for the two proposed Class Representatives for the Damages Class, Ms. McCullumn and Ms. Ramey, the fact that their total claims exceed the average and median claims of other members of the Damages Class can easily be explained by the longevity of their tenancies and the fact that Ms. McCullumn had resided in a unit where she had to pay not only electricity, but also gas and garbage. She also refused to accept a March 2011 rent refund check from VHA to avoid any risk of an

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 26
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1   costs provision of a settlement, like the settlement itself, is reasonable, even if the parties have

2   agreed to an amount. *In re Bluetooth*, 654 F.3d at 941. Recognizing this, the Parties have

3   conditioned the award of attorneys' fees and costs on the Court approving the award. S.A.at ¶

4   3.8.

5          As a precaution, Plaintiffs and their counsel did not negotiate the terms of any attorneys'

6   fees and costs award until the Parties had reached agreement on class relief.  GDP Decl. at ¶ 31.

7   VHA acquiesced in this approach. *Id.* Although such an approach helps mitigate conflicts of

8   interest, it is not, alone, dispositive. *In re Bluetooth*, 654 F.3d at 948. This Court must examine

9   the fee provision in light of the rest of the Settlement Agreement to ascertain whether there is

10  any evidence of collusion and whether the settlement is fair, adequate, and reasonable.

11         In the present case, the Court will have an opportunity to consider Plaintiffs' motion for

12  attorneys' fees and costs after notice is given to Class Members and they have had an

13  opportunity to object to the settlement or respond specifically to Class Counsel's request for fees.

14  Where, as here, the settlement produces a common fund for the benefit of the entire class, this

15  Court has discretion when reviewing a fee award to employ either the lodestar method or the

16  percentage-of-recovery method in determining the reasonableness of the fees. *In re Bluetooth*,

17  654 F.3d at 941-945. Regardless of which method is used, this Court should have little difficulty

18  finding that the fee award is reasonable.

19         Plaintiffs will show that the proposed fee award of $110,000 represents approximately a

20  quarter of the actual hours that Columbia Legal Services will have reasonably expended on this

21  matter. GDP Decl. at ¶ 41. They will also show, using the percentage-of-recovery method, that

22  the proposed fee award is well under 25% of the fund, which is the "benchmark" for a reasonable

23

___

accord and satisfaction defense. *See* GDP Decl. at ¶ 40; Declarations of McCullumn.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 27
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

fee award, absent "special circumstances" justifying a departure from this figure. *In re Bluetooth*, 654 F.3d at 942. GDP Decl. at ¶ 41(showing proposed fee award here is approximately 18.37% of the combined Settlement Fund and the proposed attorneys' fees and costs).

Most importantly, there are no signs of any collusion. Plaintiffs' counsel will not receive a disproportionate distribution of the settlement. While the Settlement Agreement does include a "*clear sailing provision*" and may allow funds to revert to VHA if Plaintiffs' fee request is not granted in full, this is not a case where "the class receives no monetary distribution but class counsel are amply awarded." *See In re Bluetooth*, 654 F.3d at 947-949. Here, the fees to be sought are reasonable, fair, and proportional.

> **f.   VHA's participation in negotiating and HUD's approval of the Settlement Agreement weigh heavily in favor of its reasonableness.**

As noted above, the presence of a governmental participant is one of the *Churchill* factors that a Court may consider in determining whether to approve a proposed settlement as fair, adequate and reasonable under Rule 23(e). *See supra* at 21. VHA is a public body corporate and politic, exercising public and essential government functions. RCW 35.82.070. Its mission is to provide housing for persons of low income. *Id.* The fact that VHA as a governmental participant has entered into the proposed Settlement Agreement is a factor demonstrating its reasonableness. More importantly, HUD has approved the proposed settlement after a lengthy review process. GDP Decl. at ¶¶ 32, 33. The fact that HUD is the federal agency charged with oversight of the nation's federal housing programs, including the Public Housing program, weighs heavily in favor of preliminary approval of the settlement agreement. *See*, 42 U.S.C. § 3532.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 28
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

**C.      The Proposed Notice to the Settlement Class Should Be Approved**

**1.      The Notice Provides Detailed Information Regarding the Terms and Conditions of the Settlement, the Right to Object, and the Right to Opt Out of the Damages Class**

This Court should approve the proposed class notices—Exhibit G, H, and H-1—because these notices provide to members of the Damages Class a clear explanation of their right to opt out and advise members of both Settlement Classes of the terms of the proposed settlement and their right to object. In so doing, these notices readily satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and Rule 23(e)(1).

In regard to Rule 23(c)(2)(B), the proposed notices are the best notice practicable. VHA will mail individual notices to all members of the Damages Class, and will obtain forwarding addresses for those who no longer reside in VHA's Public Housing. In regard to Rule 23(e)(1), a "[n]otice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Village., LLC*, 361 F.3d at 575 (*quoting Mendoza Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). A settlement notice suffices where it apprises class members of the essential terms and conditions of the settlement in a balanced, accurate, and informative way so as to satisfy due process concerns. *Rodriquez*, 563 F.3d at 962-963.

The proposed notices state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the classes certified; (iii) the class claims, issues, or defenses; (iv) that the Court will exclude from the Damages Class any member who requests exclusion; (v) the time and manner for requesting exclusion; (vi) that a member of either Settlement Class may object to the settlement and enter an appearance through an attorney if the member so desires; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *See*, S.A.,

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 29
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

Exhibits G, H, H-1. These notices were drafted based on illustrative forms and guidance from the Federal Judicial Center. *See*, http://www.fjc.gov/. In drafting these notices, the Parties paid particular attention to the Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010).[10]

### 2. The Proposed Notice Also Meets Due Process Requirements

Due process requires that interested parties be provided with "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To pass muster, a settlement notice must fairly apprise the class members of the terms of the proposed compromise and give class members sufficient information to decide whether they should accept the benefits offered or object to the settlement. *Id.* Additionally, the notice must be disseminated in a way designed to have a reasonable chance of reaching a substantial percentage of the class members. *Id.* at 318.

Here, the proposed notices, Exhibits H and H-1, and the method of dissemination meet each of these requirements. The first page of Exhibit H uses a logical organization and a chart to help readers understand the settlement terms, determine if they are a Class Member, and understand their options. The document also contains a table of contents and uses an easy to understand question-and-answer format to apprise Class Members of their rights and the information necessary to determine whether to accept the settlement or object.

The notices provide all the information necessary for Class Members to make an informed decision whether to object to the proposed settlement. For members of the Damages Class, the notice describes the aggregate amount of the Settlement Fund and the plan for

---

[10] This publication is found at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 30
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

allocation as required by *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1373-74 (9th Cir. 1993) and *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177-78 (9th Cir. 1977). Moreover, Exhibit H-1 apprises members of the Damages Class of their individual share of the Settlement Fund. S.A., Exhibit H-1. Additionally, the proposed individual and summary notices sets forth the essential terms and conditions of the non-monetary relief for members of the Declaratory and Injunctive Relief Class. *Id.*, Exhibits H, H-1.

The Settlement Agreement also provides for several notification methods to ensure that the notice reaches as many Class Members as possible. VHA will mail the notice to all Class Members. S.A. at ¶ 7.3. VHA will also secure the forwarding address of any Class Member who has moved and re-mail the notice when a forwarding address is available. *Id.* at ¶¶ 7.6-7.7. VHA will publish the Summary Notice in their Resident Newsletter and in the local paper, *The Columbian*. *Id.* at ¶ 7.3 Finally, VHA and Class Counsel will post the Notice of Proposed Class Action Settlement and Settlement Agreement and Right to Opt Out on their websites. *Id.* at ¶ 7.4.

The content and method of dissemination of the proposed notices fully comports with the requirements of due process and applicable case law. The Court should thus approve the notices and direct the Parties to distribute the notices per the terms of the Settlement Agreement.

**D.    The Fairness Hearing, Deadlines, Procedures and Briefing Schedule**

Plaintiffs also request the Court approve the procedures and deadlines set forth in the Settlement Agreement for Damages Class Members to opt out or exclude themselves from the Damages Class, for Class Members to object to the settlement, and for appearances at the Fairness Hearing. The Parties also respectfully ask that the Court schedule a Fairness Hearing, and propose the following sequence of events, deadlines, and briefing schedule:

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 31
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

| Event | Timing or Deadline |
|---|---|
| 1. Deadline for mailing Notice of Proposed Class Action Settlement and Right to Opt Out and publication of Summary Notice | **Not later than thirty Days after Preliminary Approval Order entered** |
| 2. Deadline for Class Counsel to file petition for award of attorneys' fees, costs, and incentive payments to Class Representatives | **Not later than sixty Days before the Fairness Hearing** |
| 3. Deadline for Class Members to opt out of Damages Class | **Not later than thirty Days before the Fairness Hearing** |
| 4. Deadline for filing objections | **Not later than thirty Days before the Fairness Hearing** |
| 5. Deadline for responses to Class Counsel's petition for award of attorneys' fees, costs, and incentive payments to Class Representatives | **Not later than thirty Days before the Fairness Hearing** |
| 6. Deadline for Class Counsel to file a reply in support of Class Counsel's petition for award of attorneys' fees, costs, and incentive payments to Class Representatives | **Not later than seven Days before the Fairness Hearing** |
| 7. Deadline for Class Counsel to file their motion for final approval and reply to any objections or opposition memorandum filed by any objector | **Not later than seven Days before the Fairness Hearing** |
| 8. Fairness Hearing | **At least ninety Days after Preliminary Approval Order signed and entered** |

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order agreed to by the Parties as Exhibit A to the Settlement Agreement.

RESPECTFULLY SUBMITTED on March 26, 2015.

COLUMBIA LEGAL SERVICES

 *s/ Gregory D. Provenzano*

Gregory, D. Provenzano, WSBA #12794
Merf Ehman, WSBA #29231

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 32
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PERKINS COIE LLP

*s/ Brendan Peters*
Brendan Peters, WSBA No. 34490
Kaustuv M. Das, WSBA No. 34411

ATTORNEYS FOR PLAINTIFFS

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 33
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)

1

2

**CERTIFICATE OF SERVICE**

I certify, under penalty of perjury under the laws of the United States of America that on

3

March 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the

4

CM/ECF system, which will send notification of such filing to counsel on the Electronic Mail

5

Notice List as shown below.

6

7

Electronic Mail Notice List

8

The following are those who are currently on the list to receive e-mail notices for this case:

9

Adrian Urquhart Winder
Foster Pepper PLLC

10

1111 Third Avenue, Suite 3400
Seattle, Washington 98101

11

12

Manual Notice List

13

None.

14

DATED:  March 26, 2015, at Olympia, Washington.

15

16

*s/*Gregory D. Provenzano

17

Gregory D. Provenzano

18

19

20

21

22

23

PLAINTIFFS' STIPULATED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 34
[Case No. 3:15-cv-05150]
78181-0001/LEGAL125350700.4

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260 / (360) 754-4578 (fax)