1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNIE McCULLUMN, NANCY RAMEY
and TAMI ROMERO, on behalf of themselves
and all others similarly situated,

                                    Plaintiffs,

        v.

VANCOUVER HOUSING AUTHORITY,

                                    Defendant.

CLASS ACTION

No. 3:15-cv-05150-RBL

FINAL ORDER
AND JUDGMENT APPROVING
CLASS SETTLEMENT

        Plaintiffs Annie McCullumn, Nancy Ramey, and Tami Romero and Defendant

Vancouver Housing Authority ("VHA") have submitted their Settlement Agreement seeking to

settle this class action, subject to court approval.  On April 23, 2015, the Court entered an order

preliminarily approving the settlement, conditionally certifying two Settlement Classes, and

authorizing a plan pursuant to which notice of the Settlement Agreement would be given to

members of the proposed Settlement Classes ("Preliminary Approval Order," filed as Dkt. #21).

        Having considered the Settlement Agreement, the papers submitted by the parties in

connection with the preliminary approval and final approval of the Settlement Agreement,

objections to the settlement by Class Members, if any, and the arguments of counsel at the

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 1
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

Fairness Hearing held on July 31, 2015, the Court hereby enters the following findings of fact and conclusions of law, grants final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e), and enters judgment accordingly.

## I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following findings of fact and conclusions of law:

1.      This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement (on file with the Court as Dkt. #11-1).  All capitalized terms used herein shall have the same meanings set forth in the Settlement Agreement.

**A.      Jurisdiction**

2.      The Court has subject matter jurisdiction over the claims in this case and personal jurisdiction over the Parties, including all Class Members, pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.  VHA has waived any defense related to sovereign immunity under the Eleventh Amendment of the United States Constitution solely for purposes of this Action.

**B.      Damages Class**

3.      The Court provisionally certified solely for settlement purposes under Federal Rule of Civil Procedure 23(b)(3) a Damages Class consisting of all adult heads of household who (a) executed a lease and resided in Public Housing owned by VHA between April 1, 2004 and April 30, 2011; (b) paid an income-based or minimum rent; and (c) were responsible for tenant-paid utilities.

4.      For purposes of settlement only, the Court finds that:

(a)      The Damages Class is sufficiently definite;

(b)      The Damages Class consists of approximately 887 individual members and is so numerous that joinder of all members is impracticable;

(c)      There are questions of law or fact common to the Damages Class;

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 2
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

(d)     Plaintiffs Annie McCullumn and Nancy Ramey assert claims that are typical of the claims of members of the Damages Class; they have standing; they have fairly and adequately protected the interests of the Damages Class; and they have no conflict of interests with Damages Class members;

(e)     The Court provisionally appointed Columbia Legal Services as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).  Columbia Legal Services is qualified, competent counsel, with sufficient resources, who have fairly and adequately represented the interests of the Damages Class, will continue to do so, and are able to represent the Damages Class in connection with the proposed Settlement;

(f)     The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Damages Class in connection with the proposed Settlement; and

(g)     Questions of law or fact common to Damages Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in that:

(i)     Members of the Damages Class do not have an overriding interest in individually controlling the prosecution of separate actions;

(ii)    The economic damages suffered by individual Damages Class members are modest compared to the expense and burden of individual litigation, making it impractical for individual class members to seek redress for the alleged violations;

(iii)   No other litigation concerning this controversy has been commenced by any Damages Class member;

(iv)    Concentration of litigation is desirable so that all claims can be resolved in one forum; and

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 3
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1        (v)     A class action under Federal Rule of Civil Procedure 23(b)(3), for

2     purposes of settlement only, can be maintained here without undue difficulty.

3     5.    The Court finds and rules that the Damages Class should be finally certified for

4  settlement purposes only.

5  **C.**    **Declaratory and Injunctive Relief Class**

6     6.    The Court provisionally certified solely for settlement purposes under Federal

7  Rule of Civil Procedure 23(b)(2) a Declaratory and Injunctive Relief Class consisting of all adult

8  heads of households who (a) executed a lease and currently reside in Public Housing or Covered

9  Housing owned by VHA or who will execute a lease and reside in Public Housing when the non-

10  monetary relief provisions set forth below remain in effect; (b) pay or will pay an income-based

11  or minimum rent; and (c) are or will be responsible for tenant-paid utilities.

12     7.    For purposes of settlement only, the Court finds that:

13          (a)    The Declaratory and Injunctive Relief Class is sufficiently definite;

14          (b)    The Declaratory and Injunctive Relief Class consists of approximately 272

15  households and is so numerous that joinder of all members is impracticable;

16          (c)    There are questions of law or fact common to the Declaratory and

17  Injunctive Relief Class;

18          (d)    Plaintiffs Nancy Ramey and Tami Romero assert claims that are typical of

19  the claims of the members of the Declaratory and Injunctive Relief Class; they have

20  standing; they have fairly and adequately protected the interests of the Declaratory and

21  Injunctive Relief Class; and they have no conflict of interests with Declaratory and

22  Injunctive Relief Class members;

23          (e)    The Court provisionally appointed Columbia Legal Services as Class

24  Counsel pursuant to Federal Rule of Civil Procedure 23(g).  Columbia Legal Services is

25  qualified, competent counsel, with sufficient resources, who have fairly and adequately

26  represented the interests of the Declaratory and Injunctive Relief Class, will continue to

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 4
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

do so, and are able to represent the Declaratory and Injunctive Relief Class in connection with the proposed Settlement; and

(f)   The alleged acts or omissions of VHA which are at issue in this litigation apply generally to the Declaratory and Injunctive Relief Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Declaratory and Injunctive Relief Class as a whole.

8.   The Court finds and rules that the Declaratory and Injunctive Relief Class should be finally certified for settlement purposes only.

**D.   Notice to Settlement Classes and Opportunity to Opt Out or Object**

9.   As demonstrated by the declarations of Adrian U. Winder, L. Stephens Tilghman, and Gregory D. Provenzano (on file with the Court as Dkts. #36, 37, and 39) and the exhibits thereto, VHA has provided notice to Class Members in the manner and form approved by the Preliminary Approval Order and as set forth in the Settlement Agreement.  The notice plan, as implemented, meets the requirements of due process and was reasonable under the circumstances.  The Court finds that the notice fully and accurately informed the Class Members of all material elements of the proposed Settlement Agreement and of their right to opt out or exclude themselves from the Damages Class and for all Class Members to object to the settlement.  The notice was the best practicable under the circumstances, provided valid, due, and sufficient notice to all Class Members, and complied fully with the Preliminary Approval Order, the Federal Rules of Civil Procedure, the constitutional requirements of due process under state and federal law, and other applicable law.

10.   As demonstrated by the declaration of Adrian U. Winder (on file with the Court as Dkt. #37) and the exhibits thereto, VHA notified the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.   Class Counsel held two meetings for Class Members as required by the Preliminary Approval Order and Settlement Agreement.  During these meetings, Class Members

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 5
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

had a full opportunity to ask questions about the terms and conditions of the proposed settlement and their right to exclude themselves from the Damages Class, to object to the proposed settlement, or to appear at the Fairness Hearing.

12.    Members of the Damages Class had a full and informed opportunity to exclude themselves from the Damages Class and otherwise opt out of this lawsuit.  The only individuals who properly opted out of the Damages Class are shown on Attachment 1.  Three other members of the Damages Class – Candy Ruff, Aleksandr Dzyuba, and Tiffany Cross – filed Declarations with the Court prior to the July 1, 2015 deadline for excluding oneself from the Damages Class, effectively retracting their previous requests to opt out, and are here confirmed to be members of the Damages Class entitled to benefits under the Settlement Agreement and bound by its terms and this Final Order and Judgment.

**E.    Fairness and Adequacy of the Settlement Agreement**

13.    The Court has determined that a full opportunity has been given to the members of both Settlement Classes to be heard in favor and in opposition to the terms of the Settlement Agreement and to Class Counsel's request for attorneys' fees and costs, including Class Representative incentive payments, and to otherwise participate in the Fairness Hearing held on July 31, 2015.

14.    No Class Member filed any objection to the settlement or to Class Counsel's request for attorneys' fees, costs, and incentive payments by the July 1, 2015 deadline for doing so. The Court did not hear testimony from any Class Members or their counsel at the Fairness Hearing objecting to the settlement. [The Court heard testimony from the following Class Members or their counsel objecting to the terms of the Settlement: _____. The Parties responded to these objections. The Court finds that none of the objections warrant disapproval of the Settlement Agreement, and all such objections are therefore specifically overruled.]

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 6
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

15.     The Court has carefully considered all the papers, evidence, and arguments before it and has made its independent judgment that:  (1) Plaintiffs and Class Members face significant risks if this litigation were to proceed; (2) the possibility of a greater ultimate recovery is speculative and any such recovery would only occur after considerable expense and delay; (3) the terms of the Settlement Agreement provide substantial and meaningful benefits to both Settlement Classes; (4) the settlement is the product of meaningful investigation into the facts and circumstances surrounding VHA's annual review and adjustment of its Public Housing utility allowances; (5) the settlement negotiations were protracted and conducted at arm's-length by experienced counsel on both sides, including a full-day mediation under the direction of the Hon. Terrence Carroll (ret.), and without any collusion; (6) the reaction by the Settlement Classes has been in favor of the settlement; (7) experienced Plaintiffs' Counsel as well as Class Counsel support the settlement; and (8) the United States Department of Housing and Urban Development ("HUD") has approved the Settlement Agreement.

16.     Having considered the foregoing, as well as the number of objections; the costs, risks, and delays of continued litigation versus the benefits provided by the settlement; and based on this Court's knowledge of this Action, the Court finds and concludes that the settlement is in the best interests of the Settlement Classes and is fair, reasonable, and adequate as to all Class Members.

**F.**     **Attorneys' Fees, Costs, and Incentive Payments**

17.     The Court has considered the request of Class Counsel for an award of attorneys' fees and costs, including Class Representative incentive payments, as well as any objections to such requests.

18.     The Court finds that Class Counsel should receive an award of reasonable attorneys' fees and costs in this matter in the amount of One Hundred Ten Thousand Dollars ($110,000.00).  This amount of fees and costs is reasonable based upon the time and effort

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 7
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1  expended, the experience of counsel, their lodestar calculations, and the results obtained.  The

2  costs they seek are recoverable and reasonable.

3      19.   The Court also finds that incentive payments in the amount of $2,000.00 to Annie

4  McCullumn; in the amount of $1,500.00 to Nancy Ramey; and in the amount of $1,500.00 to

5  Tami Romero are appropriate here given (1) the risk to the Class Representatives in commencing

6  this action, both financial and otherwise; (2) the amount of time and effort spent by the Class

7  Representatives; (3) the duration of this dispute; and (4) the personal benefit, or lack thereof,

8  enjoyed by the Class Representative as a result of the litigation.  The Court finds that the

9  requested incentive payments are fair and proportional and fall within the range of incentive

10  payments approved in comparable cases.

## II.   **ORDER**

11  NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

13  **A.   Final Approval of Settlement Agreement and Certification of Settlement Classes**

14      20.   **Final Approval and Adoption of Settlement Agreement.**   The terms of the

15  Settlement Agreement (filed with the Court as Dkt. #11-1) are granted final approval, are

16  confirmed as fair, reasonable, and adequate, are adopted by this Court as though fully set forth

17  herein, and are binding on Plaintiffs, all Class Members, and VHA.

18      21.   **Final Certification of Settlement Classes.**   The Court, pursuant to Federal Rule

19  of Civil Procedure 23(c) and for purposes of settlement only, hereby makes final its provisional

20  certification of the two Settlement Classes.

21          (a)   **Damages Class.**   The Damages Class is certified under Federal Rule of

22  Civil Procedure 23(b)(3) and defined to include all adult heads of household who

23  (a) executed a lease and resided in Public Housing owned by VHA between April 1, 2004

24  and April 30, 2011; (b) paid an income-based or minimum rent; and (c) were responsible

25  for tenant-paid utilities.  The members of the Damages Class are known and consist of

26  approximately 887 individuals.  All members of the Damages Class are bound by all

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 8
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

terms of the Settlement Agreement and by all proceedings and orders in this Action.  The opt-outs listed on Attachment 1 are free, if they choose, to pursue any claims they may have against Defendant VHA and are not bound by, and will not receive any of the benefits of, the terms of this Final Order and Judgment or the Settlement Agreement.

(b)     **Declaratory and Injunctive Relief Class.**  The Declaratory and Injunctive Relief Class is certified under Federal Rule of Civil Procedure 23(b)(2) and defined to include all adult heads of households who (a) executed a lease and currently reside in Public Housing or Covered Housing owned by VHA or who will execute a lease and reside in Public Housing when the non-monetary relief provisions set forth below remain in effect; (b) pay or will pay an income-based or minimum rent; and (c) are or will be responsible for tenant-paid utilities.

22.     **Class Representatives.**  Plaintiffs Annie McCullumn and Nancy Ramey are appointed Class Representatives for the Damages Class.  Plaintiffs Nancy Ramey and Tami Romero are appointed Class Representatives for the Declaratory and Injunctive Relief Class.  All Class Representatives are appointed solely for settlement purposes.

23.     **Class Counsel.**  Columbia Legal Services is appointed Class Counsel to represent both the Damages Class and the Declaratory and Injunctive Relief Class in connection with the settlement.

**B.     Monetary Relief for Damages Class Members**

24.     **Settlement Fund and Settlement Payments.**  VHA shall pay a settlement amount of $488,824.02 from which it shall disburse Settlement Payments by check to members of the Damages Class and offset debts owed to VHA by members of the Damages Class in accordance with the provisions of the Settlement Agreement and Exhibit F thereto.

25.     **Notice of Right to Class Action Settlement Payment.**  VHA shall disseminate a Notice of Right to Class Action Settlement Payment, attached hereto as Attachment 4, to each

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 9
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1    member of the Damages Class within thirty (30) Days of the Effective Date using the procedures

2    set forth in Subsection 3.1.6 of the Settlement Agreement.

3         26.    **Appeals of Notice of Right to Class Action Settlement Payment.**  Damages

4    Class Members' substantive appeal rights and the procedures for appeal of the Notice of Right to

5    Class Action Settlement Payment are set forth in Subsection 3.2 of the Settlement Agreement.

6    The Court has reviewed Exhibits K, L, M, and N of the Settlement Agreement and approves of

7    their content and distribution in accordance with Subsection 3.2.   [The Court appoints Hon.

8    _____, Magistrate Judge, to preside over any appeals that are submitted to the

9    Court for judicial resolution.   Magistrate Judge _____'s decisions regarding such

10   appeals shall be final and binding on all Parties.]

11        27.    **Certification of Compliance with Monetary Relief Provisions of Settlement**

12   **Agreement.**  Within one hundred fifty (150) Days of the Effective Date, VHA shall file and

13   serve a report or declaration certifying that it has complied with all the provisions of

14   Subsection 3.1 through 3.5 of the Settlement Agreement and provide an accounting of all

15   Settlement Payments.

16   **C.**   **Non-Monetary Relief for Declaratory and Injunctive Relief Class Members**

17        28.    The following non-monetary relief applies to both Public Housing and Covered

18   Housing, unless only one is specified, and shall be enforceable by any member of the

19   Declaratory and Injunctive Relief Class.   The non-monetary relief is modeled in part on

20   applicable HUD regulations set forth in C.F.R. Title 24 that were in effect at the time of

21   execution of the Settlement Agreement.   If HUD regulations are later amended such that they

22   become inconsistent with this relief, VHA shall have the right to seek modification of the non-

23   monetary relief provisions from the Court as appropriate.

24        29.    The Court adopts the definitions of Public Housing, Covered Housing, and

25   Vancouver Housing Authority as set forth in the Settlement Agreement:

26

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

(a)     "Public Housing" means all projects and units owned by VHA that are assisted under the Housing Act of 1937 other than under Section 8 of the Act, and governed by 24 C.F.R. Part 965, Subpart E.  Attachment 2 lists VHA's Public Housing at the time of entry of this Final Order and Judgment.

(b)     "Covered Housing" means those Public Housing projects and units owned by VHA between April 1, 2004 and April 30, 2011 which have been removed or will be removed from the Public Housing program through the HUD Rental Assistance Demonstration Program, a voluntary disposition, or other action, where the tenants living in the units when this occurs continue to reside in these units with project-based vouchers.  These units shall only be considered Covered Housing so long as the tenants residing in these units at the time of removal from the Public Housing program continue to reside there.  Attachment 3 lists those units that the Parties consider to be Covered Housing at the time of entry of this Final Order and Judgment.  VHA shall notify Class Counsel of any projects or units that it removes from its Public Housing inventory after the Effective Date within fifteen (15) Days of such occurrence and state whether or not these units should be considered Covered Housing.  VHA shall also post a revised Attachment 3 on its website on or before the first day of January, April, July, and October of each calendar year listing all those units that remain Covered Housing under the Settlement Agreement and this Final Order and Judgment.

(c)     "Vancouver Housing Authority" or "VHA" means the Housing Authority of the City of Vancouver and its successors or assigns.

30.     **Annual Review.**  VHA shall review at least annually its Public Housing and Covered Housing utility allowances, taking into consideration any changes in applicable utility rates as well as other relevant factors set forth in applicable HUD regulations.  VHA shall revise these allowances as reasonably required to adhere to the standards set forth in applicable HUD regulations.  As part of its annual review, VHA agrees to adjust these utility allowances to

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 11
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1    account for all utility rate changes that have occurred since its last utility allowance adjustment.

2    VHA shall post a certification on its website whenever it reviews these utility allowances as

3    required by this Final Order and Judgment.  The certification shall state when the review was

4    completed and what action VHA took as a result of the review, including any revisions to these

5    utility allowances and when such revisions shall take effect and it shall inform residents of their

6    right to inspect VHA records pertaining to such reviews as provided in Paragraph 33.

7         31.    **Revisions as a Result of Rate Changes Between Annual Reviews.**  VHA may

8    revise its Public Housing utility allowances for resident-purchased utilities between annual

9    reviews if there is a rate change, and it shall do so if such change, by itself or together with prior

10   rate changes not adjusted for, results in a change of ten (10) percent or more from the rates on

11   which such allowances were based.  Adjustments to resident payments as a result of such

12   changes shall be retroactive to the first day of the month following the month in which the last

13   rate change taken into account in such revision became effective.  The Parties recognize that

14   generally VHA has no obligation under applicable HUD regulations to revise its Covered

15   Housing utility allowances between annual reviews.  At HUD's direction, however, VHA shall

16   revise the utility allowance schedules for its Covered Housing to correct any errors, or as

17   necessary to update the schedules.

18        32.    **Sixty (60) Days' Notice and Comment Period before Certain Revisions.**  For

19   Public Housing utility allowances, VHA shall not establish or revise its estimates of reasonable

20   consumption of utilities by energy-conservative households of modest circumstances without

21   giving at least sixty (60) Days' written notice to all Declaratory and Injunctive Relief Class

22   Members affected by the proposed allowances and revisions and an opportunity to submit

23   written comments during a period expiring not less than thirty (30) Days before the proposed

24   effective date of the allowances or revisions.  VHA agrees to consider such comments before

25   making a final decision whether to revise its estimates of reasonable consumption.  All written

26   comments shall be retained by VHA and shall be available for inspection by the Declaratory and

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 12
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6220
(360) 754-4578 (fax)

1    Injunctive Relief Class Members.  The Parties acknowledge that VHA has no obligation to give

2    written notice and an opportunity to comment to those residing in its Covered Housing before

3    revising its utility allowance schedules.  As a practice, however, VHA does not revise its

4    Section 8 voucher utility allowances without approval of its Board of Commissioners.  The VHA

5    Board of Commissioners allows interested parties to submit written and oral comments before

6    adopting any resolution or taking any board action as part of its routine procedures.  Class

7    Members residing in Covered Housing may submit comments to the VHA Board of

8    Commissioners, like any interested party, before the Board of Commissioners makes a final

9    decision whether to revise its utility allowance schedules for such housing.

10           33.    **Recordkeeping and Inspection.**  VHA shall maintain a record that documents

11   the basis on which its Public Housing and Covered Housing utility allowances and revisions

12   thereof are established and revised.  This record shall include all written notices that VHA has

13   given to Declaratory and Injunctive Relief Class Members of proposed utility allowances and

14   revisions thereof, all utility rate information that the agency collects, all utility usage data that the

15   agency has collected, any engineering methodology it has relied upon, including the basis for all

16   assumptions relied upon by any consultant it has retained, and all written comments submitted by

17   Declaratory and Injunctive Relief Class Members or other program participants or their legal

18   representatives.  VHA shall also maintain a record that documents that it has reviewed its Public

19   Housing and Covered Housing utility allowances on an annual basis as provided for in

20   Paragraph 30 or made revisions between annual reviews as required by Paragraph 31.  VHA

21   shall permit inspection of these records by any member of the Declaratory and Injunctive Relief

22   Class or his or her legal representative, or by Class Counsel.

23           34.    **Individual Relief.**  VHA shall consider requests for individual relief from any

24   Declaratory and Injunctive Relief Class Member residing in Public Housing who incurs utility

25   bills in excess of the applicable utility allowance on any reasonable grounds.  Reasonable

26   grounds include special needs of elderly, ill, or disabled residents, or special factors affecting

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1  utility use not within the control of the resident.  Reasonable grounds do not include utility use

2  that is within the resident's control.  VHA agrees that within ninety (90) Days of the Effective

3  Date, it shall amend its Admission and Continued Occupancy Policy to allow Declaratory and

4  Injunctive Relief Class Members residing in Public Housing to request individual relief even

5  though their household does not include a person with disabilities.  In addition, VHA shall

6  consider requests for individual relief from any Declaratory and Injunctive Relief Class Member

7  who incurs utility bills in excess of the applicable utility allowance because his or her household

8  includes a person with disabilities.  VHA shall approve a utility allowance that is higher than the

9  applicable allowance if a higher utility allowance is needed as a reasonable accommodation to

10  make the program accessible to and usable by the family member with a disability.

11      35.    **Lease Provisions.**  VHA agrees that any Public Housing or Covered Housing

12  lease or lease amendment that it enters into while the non-monetary relief provisions remain in

13  effect shall include the following:

14      (d)    A provision stating that the utility allowances shall be determined by VHA in

15  accordance with HUD regulations and other requirements and that the amounts of the utility

16  allowances are subject to change in accordance with HUD requirements;

17      (e)    A statement of what utilities, services, and equipment are to be supplied by VHA

18  without additional cost, and what utilities and appliances are to be paid for by the tenant;

19      (f)    A provision specifying the amount of the tenant's utility allowance that is in

20  effect at the time the lease or lease amendment is executed, itemized by each tenant-paid utility;

21  and

22      (g)    A provision advising the tenant that should he or she incur utility billings in

23  excess of the applicable utility allowance, he or she may seek individual relief as provided in

24  Paragraph 34.  The lease shall inform the tenant of the criteria for granting and procedures for

25  requesting such relief.  After the Effective Date, any member of the Declaratory and Injunctive

26  Relief Class who is in good standing with their present lease and who asks shall be given an

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 14
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1  opportunity to enter into a lease or lease addendum containing these provisions, without having

2  to wait until his or her current lease expires or renews.

3       36.   **Notice of Final Settlement.**  Within thirty (30) Days of the Effective Date, VHA

4  shall mail a copy of the Notice of Final Settlement, attached hereto as Attachment 5, to all

5  known members of the Declaratory and Injunctive Relief Class by first-class mail, postage

6  prepaid, and shall conspicuously post a copy of the Notice of Final Settlement at its main office

7  and on its website where it can be readily seen by its residents.  VHA shall also provide a copy

8  of the Notice of Final Settlement to future members of the Declaratory and Injunctive Relief

9  Class who move into Public Housing after the Effective Date at the time they execute their first

10  Public Housing lease.

11       37.   **Annual Compliance Reports.**  VHA shall serve an annual report or declaration

12  on Class Counsel and post a copy on its website certifying that it has complied with all the

13  provisions of Paragraphs 30 through 36.   The first report shall be served and posted by

14  January 31 of the year following the Effective Date.  Thereafter, the annual report shall be served

15  and posted for each calendar year by January 31 of the following year.

16       38.   **Duration of Non-Monetary Relief.**  The non-monetary relief provisions set forth

17  in Paragraphs 28 through 37 shall take effect on the Effective Date and remain in effect for a

18  period of forty-eight (48) months thereafter.

19  **D.**   **Attorneys' Fees, Costs, and Incentive Payments**

20       39.   The Court hereby grants Class Counsel's Motion for Attorneys' Fees and Costs

21  and awards Class Counsel the sum of $110,000.00.   The Court also approves an incentive

22  payment in the amount of $2,000.00 to Annie McCullumn; an incentive payment in the amount

23  of $1,500.00 to Nancy Ramey; and an incentive payment in the amount of $1,500.00 to Tami

24  Romero.

25       40.   The award of attorneys' fees, costs, and incentive payments shall be paid by VHA

26  to Class Counsel within forty-five (45) days of the Effective Date.

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 15
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

**E.      Implementation; Dismissal of Claims; No Admission of Wrongdoing**

41.      The Plaintiffs and VHA are hereby directed to proceed with and complete implementation of this Final Order and Judgment and the Settlement Agreement.

42.      The Court dismisses on the merits with prejudice all claims presently before it and orders release of the Class Members' Settled Claims pursuant to Section 11.1 of the Settlement Agreement.

43.      This Final Order and Judgment and the Settlement Agreement:  (a) shall not be offered or received against VHA as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by VHA of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of VHA, or any admission by VHA of any violations of, or failure to comply with, laws or regulations; and (b) shall not be offered or received against any of the Parties to this Action or the Settlement Agreement in any other civil, criminal, or administrative action or proceeding, other than as specifically provided for in this Final Order and Judgment and Settlement Agreement or in such proceedings as may be necessary to effectuate the provisions of the Final Order and Judgment and Settlement Agreement; provided, however, that the Parties may refer to the Final Order and Judgment and Settlement Agreement and rely upon each to effectuate or enforce its terms.

**F.      Continuing Jurisdiction and Enforcement**

44.      The Settlement Agreement and this Final Order and Judgment shall be the sole and exclusive remedy for any and all Settled Claims of Releasing Parties.  Upon the Effective Date, each Releasing Party shall be barred from initiating, asserting, or prosecuting against the Released Parties any Settled Claims that are released by operation of the Settlement Agreement and the Final Order and Judgment.

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 16
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)

1    45.     Following the Effective Date, the Court will retain exclusive and continuing

2    jurisdiction over this Action, the Parties, and Class Members until the expiration of the relief

3    granted to the Declaratory and Injunctive Relief Class to interpret and enforce the terms,

4    conditions, and obligations of this Final Order and Judgment and the Settlement Agreement, as

5    set forth in Section 11 of the Settlement Agreement.

6        Dated this 31st day of July, 2015.

7

8    _____
     Ronald B. Leighton

9    United States District Judge

10   Presented by:

11   COLUMBIA LEGAL SERVICES                    PERKINS COIE LLP

12   s/ Gregory Prvenzano                        s/Brendan Peters
     s/Merf Ehman                                s/ Kaustuv Das
13
     _____            _____
14   Gregory D. Provenzano, WSBA No. 12794       Brendan Peters, WSBA No. 34490
     Merf Ehman, WSBA No. 29231                  Kaustuv M. Das, WSBA No. 34411
15   Attorneys for Plaintiffs                    Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT - 17
[Case No. 3:15-cv-05150-RBL]

Columbia Legal Services
711 Capitol Way S #304
Olympia, WA  98501
(360) 943-6260
(360) 754-4578 (fax)